**WOODLAND PARK HOSPITAL, INC. et al.**

v.

**The UNITED STATES.**

No. 468–80C.

United States Claims Court.

April 26, 1983.

Thomas J. Brock, Washington, D.C., for plaintiffs. Casson, Calligaro & Mutryn, Washington, D.C., of counsel.

Glenn E. Harris, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## MEMORANDUM OF DECISION

HARKINS, Judge:

Plaintiffs' petition (now complaint) was filed in the United States Court of Claims on September 2, 1980, to recover unreimbursed costs for supplying health care services during fiscal years ending 1968 through 1972 under Part A of the Medicare Program (Hospital Insurance Benefits for the Aged and Disabled, 42 U.S.C. §§ 1395c–1395i–2 (1976, Supp. IV 1980)). Plaintiffs' claim was transferred to this court pursuant to section 403(d) of the Federal Courts Improvement Act of 1982 (28 U.S.C.A. § 171 note (1983)).

The complaint challenged the decision of the Secretary (then Department of Health, Education and Welfare, now Department of Health and Human Services) that denied plaintiffs reimbursement for capital costs, including depreciation, interest expense and return on capital, on the basis of the price paid to acquire 100 percent of the stock of Woodland Park Hospital, Inc., the prior corporate owner of the facility. Plaintiffs treated the acquisition as a single integrated transaction and recorded the acquired hospital assets on their books at fair market value. That portion of the purchase price in excess of the value of the assets was attributed to purchased good will. The administrative review held that the transaction was a stock rather than an asset acquisition, and that plaintiffs were not entitled to revalue on the basis of the stock purchase price.

On September 11, 1981, plaintiffs filed a motion for summary judgment. Thereafter on defendant's motion, proceedings were suspended pending final decision in *West Seattle Gen. Hosp., Inc. v. United States,* 230 Ct.Cl. ——, 674 F.2d 899 (1982). After the March 10, 1982, decision of the Court of Claims in *West Seattle,* which overturned the Secretary's determination on this issue, defendant on July 14, 1982, filed a motion to dismiss. Defendant's motion was based on the decision of the United States Supreme Court in *United States v. Erika,* 456 U.S. 201, 102 S.Ct. 1650, 72 L.Ed.2d 12 (1982), which held that the Court of Claims lacked jurisdiction to review reasonable cost determinations under Part B of the Medicare Program. Defendant challenged the subject matter jurisdiction of the Court of Claims, and argued that *Erika* impliedly overruled *Whitecliff, Inc. v. United States,* 210 Ct.Cl. 53, 536 F.2d 347 (1976), *cert. denied,* 430 U.S. 969, 97 S.Ct. 1652, 52 L.Ed.2d 361 (1977). In *Whitecliff,* the Court of Claims had determined its jurisdiction included the power to review agency

decisions under Part A of the Medicare Program. On July 27, 1982, and August 6, 1982, plaintiffs responded to defendant's motion to dismiss.

Subsequently, in decisions on September 8 and 22, 1982, the Court of Claims determined that its jurisdiction over Part A Medicare cases was not affected by the decision in *Erika*. (*Spokane Valley Gen. Hosp., Inc. v. United States*, 231 Ct.Cl. ——, 688 F.2d 771 (1982); *Rio Hondo Mem. Hosp. v. United States*, 231 Ct.Cl. ——, 689 F.2d 1025 (1982)) The panel of the court observed in *Spokane Valley* that the Government had not requested a rehearing en banc to reconsider the jurisdictional issue in the light of *Erika* and stated: "The full court, however, has decided that in view of the significant differences between the statutory provisions dealing with Parts A and B of Medicare, it will not reconsider its decisions that it has jurisdiction over Part A cases." (231 Ct.Cl. at ——, 688 F.2d at 775–76)

During a telephone conference on March 31, 1983, it was agreed that, in view of the foregoing, this case could be concluded on the basis of supplemental briefing and stipulations of the parties, in lieu of oral argument. Accordingly, on April 8, 1983, plaintiffs filed a motion for judgment on the pleadings or, in the alternative, summary judgment. Plaintiffs' motion argues that the Court of Claims decisions in *Spokane Valley* and *Rio Hondo* dispose of defendant's challenge to subject matter jurisdiction over Part A Medicare claims, and that the decision in *West Seattle* resolves the substantive reimbursement issue in favor of plaintiffs. Defendant does not intend to file a response.

On April 19, 1983, the parties filed a stipulation that includes the following paragraphs concerning liability issues:

"The central Medicare reimbursement issues raised in this litigation are governed by the decision of the Court of Claims in *West Seattle Gen. Hosp., Inc. v. United States* [230 Ct.Cl. ——], 674 F.2d 899 (Ct.Cl.1982).

"Defendant's motion to dismiss for lack of subject matter jurisdiction filed in this litigation is governed by the decisions of the Court of Claims in *Spokane Valley General Hosp., Inc. v. United States* [231 Ct.Cl. ——], 688 F.2d 771 (Ct.Cl.1982) and *Rio Hondo Mem. Hosp. v. United States* [231 Ct.Cl. ——], 689 F.2d 1025 (Ct.Cl. 1982)."

With respect to the amount due plaintiffs, the stipulation states plaintiffs are entitled to reimbursement in the following amounts:

| | |
|---|---|
| 1968 | ($ 19,022) |
| 1969 | 68,705 |
| 1970 | 49,980 |
| 1971 | 39,026 |
| 1972 | 38,659 |
| TOTAL | $177,348 |

Plaintiffs' contention that the United States Court of Claims confirmed its jurisdiction over Part A Medicare claims notwithstanding the Supreme Court's decision in *Erika*, and has rejected the argument on which defendant's July 14, 1982, motion to dismiss was based, is correct. There is no dispute that the *West Seattle* decision squarely controls this case. General Order No. 1 binds this court to accept as binding precedent all published decisions of the United States Court of Claims "unless and until modified by decisions of the United States Court of Appeals for the Federal Circuit or the United States Supreme Court." (1 Cl.Ct. Rules 1 (1982)).

Accordingly, on the basis of the above discussion and the stipulation of the parties, plaintiffs' April 8, 1983, motion for summary judgment is allowed and defendant's July 14, 1981, motion to dismiss is denied. Judgment of one hundred and seventy-seven thousand three hundred and forty-eight dollars ($177,348) will be entered for plaintiffs.