**H.S. & H. LTD. OF COLUMBIA ILL, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 380–87T.

United States Claims Court.

Sept. 29, 1989.

Jack A. Strellis, Waterloo, Ill., Atty. of Record, for plaintiff.

G. Robson Stewart, Washington, D.C., with whom was Asst. Atty. Gen. Shirley D. Peterson, for defendant.

## OPINION

REGINALD W. GIBSON, Judge:

H.S. & H. Ltd. of Columbia ILL (plaintiff or taxpayer) seeks a refund of corporate taxes paid in calendar years 1975, 1976, and 1977, totalling $12,079. Said refund claims resulted from the carryback of a net operating loss (NOL) generated for the calendar year 1979. The Internal Revenue Service (Service) denied the claims because taxpayer allegedly failed to timely file its refund claims. Following the filing of taxpayer's complaint in this court, defendant moved to dismiss it for lack of subject matter jurisdiction under RUSCC 12(b)(1). Thereafter, an evidentiary hearing was held on the manner and circumstances of filing said claims. For the reasons stated herein, defendant's motion to dismiss is hereby granted.

*Facts*

We initially observe that we are required to accept as true any undisputed allegations of fact advanced by a non-movant, plaintiff here, when made in response

to a motion to dismiss for lack of subject matter jurisdiction. However, where disputed facts relate to a dispositive ruling on jurisdictional issues, we are obliged to decide those disputed facts necessary to reach a determination on the jurisdictional merits. *Raymark Industries, Inc. v. United States*, 15 Cl.Ct. 334, 335 (1988). As the relevant facts in this case are both vigorously disputed and dispositive on the issue of jurisdiction, we must, therefore, find those facts best supported by the evidence. Accordingly, we find the following to be a true statement of the facts relevant to the resolution of this matter.

H.S.H. Ltd. was a corporate entity engaged in the operation of a nightclub in Collinsville, Illinois. This entity was owned by Mr. Ralph Hermann, of Columbia, Illinois. Taxpayer filed a federal corporate income tax return, Form 1120, for each of the calendar years germane to this litigation, 1975 through 1979. Taxpayer filed its 1979 federal corporate income tax return, Form 1120, on September 15, 1980, and it was received by the Service on September 29, 1980. This return, prepared by a Mr. Nathan Stein, taxpayer's accountant at that time, alleged that taxpayer suffered a NOL in 1979 in the amount of $78,683.90. Taxpayer therefore attempted to effect a carryback of this loss to the immediate three previous years, 1976, 1977, and 1978. This NOL carryback through 1976, allegedly, further enabled taxpayer to carryback investment tax credits, originally used in 1976 and 1977, to the taxable years 1974 and 1975.

By a letter dated February 20, 1985, the Service informed taxpayer that certain unidentified, unsigned amended returns filed on October 24, 1984, could not be processed without a valid signature. Some or all of these amended returns were resubmitted on March 5, 1985. On that date, taxpayer, through its new accountant, Dominic Maduri of Tragesser & Associates, requested that the defendant process its refund claims for the taxable years 1975, 1976, and 1977. Such claims were based upon taxpayer's aforementioned attempt to carryback the NOL generated in 1979. This correspondence included two amended corporate federal income tax returns, Form 1120X, covering the years 1976 and 1977.[1] Taxpayer also submitted a Corporation Application for Tentative Refund, Form 1139, for 1975. All three forms were signed and dated March 2, 1981.

The Service treated the March 5, 1985 submissions as a refund request with respect to the 1976 and 1977 claims only.[2] On July 2, 1985, the Service informed taxpayer that a claim for a refund resulting from a NOL carryback must be filed within three years of the loss year income tax return due date. Stating that there was no proof of timely filing, the Service disallowed taxpayer's claims for 1976 and 1977. In response to this refund disallowance, Mr. Maduri wrote a letter to the IRS Problem Resolution Officer in Springfield, Illinois, on July 15, 1985, in which he stated that said claims had been filed on March 2, 1981. This letter also alleged that an IRS Revenue Officer, Maurice LaRue, obtained knowledge of the refund claims in the summer of 1984 while collecting back taxes due on Mr. Hermann's personal income tax returns. However, the Service took no further action on taxpayer's refund claims. Taxpayer subsequently filed its petition in this court on June 26, 1987, seeking a refund of $3,483 for 1975, $2,561 for 1976, and $6,035 for 1977. The defendant's mo-

1. Taxpayer did not attempt to assert a claim for 1978, a year which was also presumably covered by the NOL carrybacks under dispute here.

2. The Service took no action on the Corporation Application for Tentative Refund Form 1139, which taxpayer submitted for 1975, because the Service does not treat the submission of this form as a claim for refund. Treas.Reg. § 1.6411–1(b)(2) (1989); *VDO–ARGO Instruments, Inc. v. United States*, 3 Cl.Ct. 359, 361–

62 (1983). We note that even if taxpayer had filed a refund claim for 1975, and if the Service had treated it as such, our analysis of whether said claim was timely filed, *see infra*, would be identical in this case. In a refund claim which results from an investment credit carryback from a previous taxable year created by a NOL, the taxpayer must assert its claim within three years of the date for filing the tax return in which the NOL was generated. 26 U.S.C. § 6511(d)(4)(A) (1988).

tion to dismiss for lack of subject matter jurisdiction was filed on July 3, 1989.

An evidentiary hearing was subsequently held before this court on September 22, 1989. Both parties produced witnesses and introduced evidence in support of their respective positions. Taxpayer relied upon the testimony of Mr. Hermann, the sole owner of H.S. & H. Ltd. Mr. Hermann testified that he personally inspected, signed, and mailed the refund claims at issue here on March 2, 1981. He further testified that conversations took place with Revenue Officer LaRue as early as February of 1983, in which Mr. LaRue was both informed of and acknowledged the existence of said refund claims. However, Mr. Hermann admitted that Mr. LaRue never stated that he had seen said refund claims himself.

The defendant called two witnesses. Through Ms. Phyllis Gold, the defendant elicited testimony regarding IRS record keeping procedures, and also introduced taxpayer's record transcript and a document styled Certification of Lack of Record showing that no refund claims were received by the Service in 1981, relative to the years in issue, or at any time prior to 1984. Ms. Gold testified that this certificate indicates that the IRS searched its files and found no evidence of receiving any NOL refund claim from taxpayer in 1981. The defendant also called Revenue Officer LaRue to testify. He acknowledged that he had conversations with Mr.

Hermann about the alleged refund claims. Mr. LaRue stated that these conversations took place in 1984 and 1985. He further testified that he never saw the claims, nor did he have personal knowledge as to whether the alleged claims had actually been filed. Mr. LaRue confirmed that he searched the IRS files, but found no record of any refund claims by taxpayer.

*Contentions of the Parties*

A. *Defendant*

█ The defendant contends that this court lacks subject matter jurisdiction under 28 U.S.C. § 1491. Such contention is premised upon taxpayer's alleged failure to file its refund claims for 1975, 1976, and 1977 in a timely manner, which, under 26 U.S.C. § 7422, is a prerequisite for jurisdiction here. Citing 26 U.S.C. § 6511(d)(2)(A),[3] the defendant contends that taxpayer did not file its refund claims within the three-year limitation period prescribed by that section. The defendant argues that taxpayer has presented no reliable evidence sufficient to demonstrate that it "actually or physically delivered" its claim within the statutory time limitation of § 6511(d)(2)(A).

Moreover, the defendant argues that taxpayer has not produced any evidence to suggest the applicability of what defendant terms the two sole exceptions to the physical delivery rule, which are contained in 26 U.S.C. § 7502.[4] According to the defen-

---

**3.** 26 U.S.C. § 6511(d)(2)(A) (1988) provides in part:

(2) Special period of limitation with respect to net operating loss or capital loss carrybacks.—

(A) Period of limitation.—If the claim for credit or refund relates to an overpayment attributable to a net operating loss carryback or a capital loss carryback ..., the period shall be that period which ends 3 years after the time prescribed by law for filing the return (including extensions thereof) for the taxable year of the net operating loss or net capital loss which results in such carryback....

**4.** 26 U.S.C. § 7502 (1988) provides in part:

(a) General rule.—

(1) Date of delivery.—If any return, claim ... required to be filed ... within a pre-

scribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or date, delivered by the United States mail to the agency ... with which such return, claim ... is required to be filed ... the date of the United States postmark stamped on the cover in which such return, claim ... is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be.

(2) Mailing requirements.—This subsection shall apply only if—

(A) the postmark date falls within the prescribed period or on or before the prescribed date—

(i) for the filing (including any extension granted for such filing) of the return, claim, statement, or other document....

\*    \*    \*    \*    \*    \*

(c) Registered and certified mailing.—

dant, the general "mailbox rule" contained in § 7502(a)(1) applies only when the document is timely postmarked but not actually received by the Service until after the statutory period has expired. The exception is inapplicable here because there is no evidence whatsoever of either timely posting in the mails or receipt by the IRS *prior* to September 16, 1983. The § 7502(c) registered mail exception is also inapplicable, argues defendant, because there is no such allegation by taxpayer. Thus, the defendant vigorously contends that because the claims were not filed in a timely manner and there is no probative evidence to suggest otherwise in that IRS records clearly establish such failure, the complaint must be dismissed for lack of subject matter jurisdiction.

B. *Plaintiff*

Conversely, plaintiff apparently contests only the manner or method by which it may prove the timeliness of its refund claims. It alleges that said claims were filed well within the time boundaries prescribed by § 6511(d)(2)(A), *i.e.*, March 2, 1981, not March 7, 1985 as the defendant contends. Without citing additional authority, plaintiff argues, based solely upon the language of the statute, that the 26 U.S.C. § 7502 "exceptions" to the "physical delivery rule" are not the only means by which it may prove that its claims were timely filed. Under taxpayer's view, § 7502 is irrelevant because it allegedly filed the refund claims at issue here in 1981, which would obviate the operation of that provision because, it argues, the Service received and then lost the refund claims. This assertion, contends Mr. Hermann, is supported by his conversations with Revenue Officer LaRue, in which Mr. LaRue allegedly acknowledged the existence of the refund claims.

(1) Registered mail—For the purposes of this section, if any such return, claim ... is sent by United States registered mail—
(A) such registration shall be prima facie evidence that the return, claim ... was delivered to the agency ... and
(B) the date of registration shall be deemed the postmark date.

5. 26 U.S.C. § 7422 (1988) provides in part:

Taxpayer further contends that the alleged March 2, 1981 filing date is supported by the testimony of Mr. Hermann, wherein he stated that he personally inspected, signed, and mailed the claims on that date. Taxpayer concludes that this testimony is reliable and is therefore a permissible method of proof in view of the aforementioned allegation that § 7502 is inapplicable to this particular set of facts.

*Discussion*

The sole issue in this case is—whether this court has jurisdiction over the refund claims in issue here where IRS records clearly establish that no refund claims were received prior to the expiration of the applicable statute of limitations, *i.e.*, September 15, 1983, and where taxpayer offered only testimony in proof of timely mailing. It is incumbent on taxpayer to establish the existence of the alleged jurisdiction in this case. *Miller v. United States*, 784 F.2d 728, 729 (6th Cir.1986) (per curiam); *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir.1977). These jurisdictional facts must be proven by a preponderance of the evidence where the court exercises its discretion, as it has done in the instant case, and takes evidence at a preliminary hearing in open court to resolve disputed issues of fact. *Raymark Industries, Inc. v. United States*, 15 Cl.Ct. 334, 338 (1988). We believe that taxpayer has failed to establish jurisdiction because it did not substantiate its assertions by either of the methods enumerated in 26 U.S.C. § 7502.

It is well established that each and every taxpayer *must* first file an administrative claim for refund with the Service in order to confer jurisdiction on this or any other federal court. 26 U.S.C. § 7422(a) (1988);[5] *Miller*, 784 F.2d at 729,

(a) No suit prior to filing claim for refund. —No suit ... shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally ... collected ... or in any manner wrongfully collected, until a claim for refund ... has been duly filed with the Secretary, according to ... law ... and ... regulations....

730; *Buttke v. United States*, 13 Cl.Ct. 191, 192 (1987). Filing is not complete until the document is delivered and received, *Miller*, 784 F.2d at 730, and it is not timely unless this is accomplished within the applicable statutory period. *Buttke*, 13 Cl.Ct. at 192; *see Raymark*, 15 Cl.Ct. at 338. Thus, in order to satisfy what has come to be known as the "physical delivery" rule in a case such as this, where the refund claim is premised upon a NOL loss carryback, said claim must be filed with the Service within a three-year period commencing upon the legally prescribed tax return filing date for the year in which the NOL was generated. § 6511(d)(2)(A); *Wall Industries, Inc. v. United States*, 10 Cl.Ct. 82, 104–05 (1986). Consequently, in order for taxpayer's claims to be viewed as filed in accordance with these principles in the case at bar, both sides agree that the statute of limitations began to run on taxpayer's claim on September 15, 1980, and that the claims in issue here should have been filed by September 15, 1983.

■ However, taxpayer's refund claims for the years in question were not received on or before that date. The IRS has certified that it has no record of any filing *prior* to September 16, 1983, much less on March 2, 1981 as taxpayer contends. Moreover, IRS transcripts clearly establish that no valid refund claims were received on taxpayer's account until March 5, 1985 —well beyond the statute of limitations of September 15, 1983. Taxpayer has not produced one scintilla of reliable evidence to rebut the presumption that these records are true, accurate, and correct. *See Sun Oil Co. v. United States*, 572 F.2d 786, 215 Ct.Cl. 716 (1978), and *Morowitz v. United States*, 15 Cl.Ct. 621 (1988). It is, therefore, clear beyond cavil that taxpayer has failed to prove compliance with the "physical delivery" rule.

■ This being the case, we must examine whether plaintiff has demonstrated the applicability of any duly recognized exception to the "physical delivery" rule. We agree with the defendant's assertion that 26 U.S.C. § 7502 provides the only exceptions relevant to this case. More specifically, the provisions codified in § 7502 set forth the *only* two exceptions to the physical delivery rule when a taxpayer attempts to file claims *through the United States mail*. *See Miller*, 784 F.2d at 730–31; *Buttke*, 13 Cl.Ct. at 192–93. Like the court in *Buttke*, we also observe that the "mail box" rule exception of § 7502(a)(1) is not applicable in this case because neither the refund claims nor the envelope in which they were allegedly mailed have been located by the Service. *See* 26 U.S.C. § 7502(a)(1); *Buttke*, 13 Cl.Ct. at 192. Moreover, Mr. Hermann admitted that he did not use either registered or certified mail to forward the claims. *See* 26 U.S.C. § 7502(c); *Buttke*, 13 Cl.Ct. at 192. There is thus insufficient evidence to prove either that taxpayer mailed the claims or that the Service received them *prior* to September 16, 1983, despite taxpayer's unsupported testimonial assertions to the contrary. Consequently, we find that no timely claims for refund were filed for the years in issue. *Buttke*, 13 Cl.Ct. at 192.

We therefore reject taxpayer's argument that § 7502 is inapplicable, particularly where IRS records clearly establish that no refund claims were ever received *prior* to September 16, 1983. The exceptions by which a taxpayer may prove timely filing when mailed are exclusively and completely outlined in § 7502, even though taxpayer cannot take advantage of its provisions. In *Deutsch v. Commissioner*, 599 F.2d 44 (2d Cir.1979), *cert. denied*, 444 U.S. 1015, 100 S.Ct. 665, 62 L.Ed.2d 644 (1980), the court offered this relevant explanation:

> The exception embodied in section 7502 and the cases construing it demonstrate a penchant for an easily applied objective standard. *See Fishman v. Commissioner*, 420 F.2d 491 (2d Cir.1970). *Where, as here, the exception of section 7502 is not literally applicable, courts have consistently rejected testimony or other evidence as proof* of the actual date of mailing. *See, e.g., Shipley v. Commissioner*, 572 F.2d 212, 214 (9th Cir.1977); *Drake v. Commissioner*, 554 F.2d 736, 738–39 (5th Cir.1977); *Boccuto v. Com-*

*missioner,* 277 F.2d 549, 553 (2d Cir. 1960).

599 F.2d at 46 (emphasis added). *See also Redman v. Commissioner,* 820 F.2d 209 (6th Cir.1987). *Miller,* 784 F.2d at 731; *Buttke,* 13 Cl.Ct. at 192–93.

## Conclusion

There being no probative evidence that taxpayer timely filed its claims for refund *prior* to September 16, 1983, we therefore find that this court lacks subject matter jurisdiction in this case. The defendant's motion to dismiss is hereby GRANTED; plaintiff's complaint is hereby DISMISSED. The Clerk shall enter judgment accordingly. No costs.

IT IS SO ORDERED.