**Edward L. McILVAINE and Lois J. McIlvaine, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 90–267T.**

United States Claims Court.

July 10, 1991.

As Corrected July 12, 1991.

C. Wesley Gardner, Jr., Hampton, N.H., for plaintiffs.

William K. Drew, Washington, D.C., with whom were Asst. Atty. Gen., Shirley D. Peterson and Mildred L. Seidman, Washington, D.C., for defendant.

## OPINION

LYDON, Senior Judge:

■ This tax refund case is before the court on defendant's motion for summary judgment, filed April 12, 1991, on statute of limitations grounds.[1] Plaintiffs in this case seek a refund of $15,959.37 in federal income taxes allegedly overpaid for the taxable year 1981. After careful consideration of the parties' submissions, oral argument having been deemed unnecessary, the court grants defendant's motion for summary judgment.

## FACTS

Plaintiffs Edward L. and Lois J. McIlvaine are husband and wife who currently reside in Key Largo, Florida. Plaintiffs' taxable year for 1981 was the calendar year for federal income tax purposes.

---

**1.** In their response to defendant's motion for summary judgment, plaintiffs state that they find said motion, and its accompanying proposed findings of fact, "to be in good order and we generally concur therewith." Plaintiffs admit they cannot provide the court with sufficient facts to prove their tax refund claim from a legal standpoint. Accordingly, plaintiffs throw themselves on the mercy of the court, and state that "plaintiffs are hereby forced to simply request an equitable decision" from the court on their refund claim.

It is well established that the Claims Court has limited equitable jurisdiction. *Pohl Corp. v. United States,* 22 Cl.Ct. 849, 851 (1991) (citing *United States v. Testan,* 424 U.S. 392, 397–98, 96 S.Ct. 948, 952–53, 47 L.Ed.2d 114 (1976)); *Boehm v. United States,* 22 Cl.Ct. 511, 519 (1991). Congress has granted the court equitable authority under the following circumstances. Under 28 U.S.C. § 1491(a)(2), the court may grant equitable relief in the form of reinstatement to office or position, placement in duty or retirement status, or correction of applicable records in order to afford complete relief incident to a judgment. *Pohl, supra,* 22 Cl.Ct. at 851 n. 1. Under 28 U.S.C. § 1491(a)(3), the court has equitable jurisdiction, including declaratory judgment authority and injunctive power, to afford complete relief on pre-award contract claims. *Pohl, supra,* 22 Cl.Ct. at 851 n. 1; *Ingersoll–Rand Co. v. United States,* 2 Cl.Ct. 373, 375 (1983). Under 28 U.S.C. § 1507, the court can issue declaratory judgments pursuant to section 7428 of the Internal Revenue Code, which covers tax exempt religious, charitable or scientific organizations. *Pohl, supra,* 22 Cl.Ct. at 851 n. 1. These Congressional waivers of sovereign immunity must be strictly construed and must not be expanded by implication. *Boehm, supra,* 22 Cl.Ct. at 518–19. Indeed, the court cannot grant pure equitable relief such as is requested herein. *See United States v. Testan,* 424 U.S. 392, 397–98, 96 S.Ct. 948, 952–53, 47 L.Ed.2d 114 (1976). The circumstances of the case at bar do not fall within any of the above categories in which the court may exercise equitable jurisdiction. Accordingly, plaintiffs' request for purely equitable relief must be denied.

Plaintiffs claim they filed their 1981 federal income tax return, Form 1040, on or about September 4, 1984, with the Internal Revenue Service's Ogden Service Center in Ogden, Utah. Plaintiffs do not allege that they filed their 1981 tax return on or before the April 15, 1982 deadline, nor do they claim that they requested, or received an extension of time for filing from the Internal Revenue Service (Service). A copy of plaintiffs' 1981 Form 1040 shows an overpayment of federal income tax in the amount of $15,959.37. Prior to January 6, 1986, plaintiffs claim they made written inquiry to the Service with regard to the delay in processing their 1981 tax return. At the request of the Service, plaintiffs submitted a photocopy of their 1981 Form 1040 to the Ogden Service Center. On January 6, 1986, the Ogden Service Center received a photocopy of plaintiffs' Form 1040 for 1981. The Service has no record of receiving any return, amended return or other claim for refund with respect to plaintiffs' 1981 taxable year, prior to receipt of the January 6, 1986 photocopy. The only payments made with respect to plaintiffs' federal income tax liability were federal taxes withheld from wages. Plaintiffs made no payments with respect to their 1981 federal income tax liability after April 15, 1982.

During 1984 and 1985, plaintiffs allege they contacted by telephone twenty different employees at Internal Revenue Service Centers in Ogden, Utah; Reno, Nevada; Las Vegas, Nevada; Jacksonville, Florida; Doraville, Georgia; and Atlanta, Georgia, with respect to their 1981 tax return. Defendant has made every effort to track down each of these people, twelve of whom either cannot be located or cannot be identified due to insufficient information. Of the other eight, none remembers speaking to plaintiffs at any time with regard to any matter.

On October 26, 1986, plaintiffs again wrote to the Service to inquire about their 1981 tax return and refund. On November 16, 1988, the Service sent plaintiffs a letter informing them that the Service was investigating the matter. On December 13, 1988, the Service sent plaintiffs a notice of disallowance of their refund claim for taxes overpaid in 1981. The letter informed plaintiffs that, because plaintiffs had filed no claim for refund within three years of the payment of the tax, their claim was disallowed. Plaintiffs filed a tax refund suit in this court on March 27, 1990 in the amount of $15,959.37.

## DISCUSSION

■ The burden of proof in a tax refund suit rests with plaintiffs, who must establish, by a preponderance of the evidence, any amount they are entitled to recover. *See Helvering v. Taylor,* 293 U.S. 507, 515, 55 S.Ct. 287, 291, 79 L.Ed. 623 (1935); *Lewis v. Reynolds,* 284 U.S. 281, 283, 52 S.Ct. 145, 146, 76 L.Ed. 293 (1932); *Bob Jones University v. United States,* 229 Ct.Cl. 340, 350, 670 F.2d 167, 174 (1982); *Nucorp, Inc. v. United States,* 23 Cl.Ct. 234, 237 (1991).

■ This issue in this case is whether plaintiffs filed a tax refund claim within three years of paying their 1981 income taxes, as required by section 6511(b)(2)(A) of the Internal Revenue Code. This three-year statute of limitations is often considered jurisdictional. *See Favell v. United States,* 22 Cl.Ct. 571, 575 (1991). A party seeking the exercise of jurisdiction in its favor has the burden to establish that such jurisdiction exists. *Rocovich v. United States,* 933 F.2d 991, 993 (Fed.Cir.1991); *Favell, supra,* 22 Cl.Ct. at 575.

The Internal Revenue Code (Code) requires a taxpayer to file a claim for refund prior to instituting a suit for refund of any internal revenue tax. 26 U.S.C. (I.R.C.) § 7422(a).[2] The pertinent regulations define a refund claim and set forth the date on which a refund claim is deemed to be filed:

(5) A properly executed individual ... original income tax return or an amended

---

2. All statutory citations hereinafter refer to the Internal Revenue Code, 26 U.S.C., unless otherwise specified.

return (on Form 1040A or 1120X if applicable) shall constitute a claim for refund or credit within the meaning of section 6402 and section 6511 for the amount of the overpayment disclosed by such return (or amended return). For purposes of section 6511, such claim shall be considered as filed on the date on which such return was filed, except that if the requirements of § 301.7502–1, relating to timely mailing treated as timely filing are met, the claim shall be considered to be filed on the date of the postmark stamped on the cover in which the return (or amended return) was mailed. A return or amended return shall constitute a claim for refund or credit if it contains a statement setting forth the amount determined as an overpayment and advising whether such amount shall be refunded to the taxpayer or shall be applied as a credit for the taxable year immediately succeeding the taxable year for which such return (or amended return) is filed....

26 C.F.R. (Treas.Reg.) § 301.6402–3. Under this regulation, an original income tax return that identifies the amount of overpayment is considered to be a refund claim. Thus, plaintiffs' 1981 Form 1040 is deemed to be a refund claim. It is undisputed that plaintiffs' refund claim was filed prior to commencement of their refund suit in this court, whether the refund claim is viewed as filed on September 4, 1982, as plaintiffs claim, on January 6, 1986, as defendant claims.

Section 6511(a) requires a refund claim to be filed within three years from the time the tax return is filed. Since plaintiffs' 1981 tax return is considered to be their refund claim, the three-year requirement of section 6511(a) is satisfied. However, section 6511(b)(2)(A) prohibits the Service from refunding any tax paid more than three years before the refund claim was filed:

(a) *Limit where claim filed within 3–year period.*—If the claim was filed by the taxpayer during the 3–year period prescribed in subsection (a), the amount of credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of

any extension of time for filing the return....

Under section 6513(b)(1), plaintiffs are deemed to have paid their 1981 taxes by April 15, 1982, since they paid their 1981 income tax liability solely through wage withholding. According to defendant, because plaintiffs did not file their 1981 tax return until January 6, 1986, over three years after paying their 1981 taxes, plaintiffs are not entitled to a refund of their 1981 overpaid taxes.

■ The critical inquiry with regard to the three-year limitations period in section 6511(b)(2)(A) is the date plaintiffs filed their 1981 tax return with the Service. Federal courts have applied the physical delivery rule to the filing of tax returns with the Service. A timely filing occurs when a refund claim is physically delivered to the Service within the statutory time period. *Miller v. United States,* 784 F.2d 728, 730 (6th Cir.1986); *H.S. & H. Ltd. v. United States,* 18 Cl.Ct. 241, 244 (1989); *Buttke v. United States,* 13 Cl.Ct. 191, 192 (1987). The Service's official records indicate that plaintiffs' 1981 tax return was not physically delivered to the Ogden Service Center until January 6, 1986.

There are only two relevant exceptions in the Code to the physical delivery rule with respect to tax returns filed with the Service through the mail, and both are contained in section 7502. *Favell, supra,* 22 Cl.Ct. at 576; *H.S. & H. Ltd., supra,* 18 Cl.Ct. at 246; *Buttke, supra,* 13 Cl.Ct. at 192. Neither exception applies to plaintiffs' situation. Under section 7502(a), a return that is received by the Service after the due date will be considered to be filed on the postmark date if the return was mailed to the Service in a properly addressed envelope, with postage prepaid, before the due date and the envelope bears a postmark dated before the due date. Plaintiffs do not allege any evidence to meet these criteria. Under section 7502(d), if a return is sent by registered or certified mail it is presumed to have been delivered. Plaintiffs do not allege they sent their return by registered or certified mail.

■ Plaintiffs have presented no evidence other than their own testimony to

prove they mailed their 1981 tax return on September 4, 1982. However, the Service shows no record of receiving plaintiffs' 1981 tax return until January 6, 1986. Congress enacted section 7502 in 1954 to avoid problems of circumstantial proof of mailing. *Buttke, supra,* 13 Cl.Ct. at 193. After the enactment of section 7502, this court and other federal courts generally have declined to allow circumstantial proof of mailing beyond the exceptions provided in section 7502. *Buttke, supra,* 13 Cl.Ct. at 192–93; *Surowka v. United States,* 909 F.2d 148, 150 (6th Cir.1990); *Miller, supra,* 784 F.2d at 731; *Deutsch v. Commissioner,* 599 F.2d 44, 46 (2d Cir.1979), *cert. denied,* 444 U.S. 1015, 100 S.Ct. 665, 62 L.Ed.2d 644 (1980). *But see Rosengarten v. United States,* 149 Ct.Cl. 287, 292, 181 F.Supp. 275, 278, *cert. denied,* 364 U.S. 822, 81 S.Ct. 60, 5 L.Ed.2d 53 (1960); *Jones v. United States,* 226 F.2d 24 (9th Cir. 1955).[3] In any event, in the present case, plaintiffs have presented no evidence of proper preparation, addressing or mailing of their 1981 tax return. The court is not persuaded that the Service received plaintiffs' 1981 tax return before January 6, 1986. Moreover, plaintiffs have failed to rebut the presumption that the Service's records are true, accurate and correct. *H.S. & H. Ltd., supra,* 18 Cl.Ct. at 246; *see also Sun Oil Co. v. United States,* 215 Ct.Cl. 716, 746, 572 F.2d 786, 805 (1978); *Morowitz v. United States,* 15 Cl.Ct. 621, 629 (1988). Therefore, the three-year statute of limitations bars their refund claim.

## CONCLUSION

For the foregoing reasons, the court grants defendant's motion for summary judgment. The Clerk is directed to enter judgment dismissing plaintiffs' complaint. No costs.

---

**3.** Even those cases declining to find that section 7502 provides the only two exceptions to the physical delivery rule require strong circumstantial evidence to prove mailing. In *Rosengarten v. United States,* the Court of Claims stated that the evidence tending to show delivery of a claim to the Service must be strong enough to suggest that it is "highly probable that the filing has taken place." *Rosengarten v. United States,* 149 Ct.Cl. 287, 292, 181 F.Supp. 275, 278, *cert. denied,* 364 U.S. 822, 81 S.Ct. 60, 5 L.Ed.2d 53 (1960). In *Rosengarten,* the court noted that there are cases holding that there is a strong presumption of receipt when there is evidence of proper preparation, addressing, and mailing of a claim for refund to the proper official, and that this presumption may be strong enough to overcome the presumption that government officials act properly when carrying out official acts. *Rosengarten, supra,* 149 Ct.Cl. at 291, 181 F.Supp. at 277 (citing *Jones v. United States,* 226 F.2d 24 (9th Cir. 1955)). It should be noted that section 7502 as originally enacted did not apply to tax returns, but was amended to included tax returns in 1966, which may explain why some earlier cases did not apply this section. *Miller v. United States,* 784 F.2d 728, 730 n. 2 (6th Cir.1986).