Irwin A. SCHIFF, Plaintiff,

v.

UNITED STATES, Defendant.

No. 90–780T.

United States Claims Court.

Sept. 19, 1991.

Irwin A. Schiff, pro se.

Kenneth C. Gobetz, Washington, D.C., with whom was Asst. Atty. Gen. Shirley D. Peterson, for defendant.

## OPINION

REGINALD W. GIBSON, Judge:

In this tax refund case, plaintiff, Irwin A. Schiff, seeks a refund of $18,260.34 for income taxes, penalties, and interest assessed for the 1974 taxable year allegedly in violation of the due process and taxing clauses of the Constitution, several sections of the 1954 Internal Revenue Code (IRC), and various Treasury Department regulations. The United States, acting through the Department of the Treasury, Internal Revenue Service (IRS or defendant), has filed a RUSCC 12(b)(1) motion to dismiss for lack of jurisdiction asserting that Mr. Schiff cannot pursue a refund in the Claims Court because he failed to file an administrative refund claim with the IRS, and fur-

ther, because he previously elected to litigate his income tax liability for the same 1974 tax year by filing a deficiency redetermination claim in the United States Tax Court. The defendant also argues that Mr. Schiff was aware of these jurisdictional bars when he commenced suit in this court, and, as a consequence, that sanctions under RUSCC 11 are warranted because the complaint is frivolous. For reasons stated below, the motion to dismiss is GRANTED and the motion for sanctions is DENIED.

FACTS [1]

The record shows that Mr. Schiff failed to file a personal income tax return for 1974, the tax year in dispute here.[2] Eventually, by a Notice of Deficiency mailed on January 29, 1982, the IRS assessed $16,406.25 in personal income taxes, $8,203.13 in fraud penalties pursuant to 26 U.S.C. § 6653,[3] and $525.00 in penalties for failure to pay taxes pursuant to 26 U.S.C. § 6654,[4] against Mr. Schiff for the 1974 tax year. In response, he filed a timely redetermination of deficiency in the United States Tax Court. However, while that suit was pending, the IRS learned that Mr. Schiff was transferring assets to third parties in an apparent attempt to avoid his individual income tax liabilities. Consequently, on April 20, 1984, the Service issued a jeopardy assessment [5] against Mr. Schiff to accelerate collection of said taxes, penalties and interest for the 1974 taxable year. In other words, the IRS assessed and made an immediate demand against plaintiff for the payment of $16,406.25 in personal income taxes, $8,203.13 in fraud penalties, $525.00 in failure to pay penalties, and $17,502.54 in interest that accumulated through April 17, 1984.

A few days later, on April 25, 1984, the Tax Court issued its final decision, sustaining the January 29, 1982 tax and penalty deficiency determinations by the Commissioner for 1974. *Schiff v. Commissioner,* Tax Ct.Mem.Dec. (P–H) ¶ 84,223 (April 25, 1984). That ruling was affirmed on appeal. *Schiff v. Commissioner,* 751 F.2d 116 (2d Cir.1984). Mr. Schiff failed to make any voluntary payments on the outstanding balance of his account following the conclusion of that litigation, and pursuant to the authority contained in the jeopardy assessment provisions of the IRC, the IRS seized $176.68 on August 14, 1985, $8,619.31 on March 25, 1985, $19.02 on April 26, 1985, $2,174.10 on September 19, 1985, and

---

1. Because this is a motion to dismiss for lack of jurisdiction, we accept as true all facts alleged in the complaint except to the extent that there are disputed jurisdictional facts, in which case the court may consider other relevant evidence, even to the extent of holding a hearing. *See, e.g., Reynolds v. Army and Air Force Exchange Service,* 846 F.2d 746, 747 (Fed.Cir.1988); *Cupey Bajo Nursing Home, Inc. v. United States,* 23 Cl.Ct. 406, 411 (1991); *Raymark Industries, Inc. v. United States,* 15 Cl.Ct. 334, 335 (1988). Here, the parties disagree over the proper characterization of some facts, and obviously, disagree over the legal significance of others. However, the defendant does not dispute the substance of any of the jurisdictional facts alleged by Mr. Schiff, and therefore, we deem it appropriate to act on the RUSCC 12(b)(1) motion to dismiss without any further proceedings. *See Cupey Bajo,* 23 Cl.Ct. at 411 (only uncontested facts are deemed to be true and correct when a RUSCC 12(b)(1) motion to dismiss alleges lack of jurisdiction); *H.S. & H. Ltd. v. United States,* 18 Cl.Ct. 241 (1989) (the court should hold an evidentiary hearing in order to resolve disputed jurisdictional fact issues).

2. Mr. Schiff submitted unsigned Forms 1040 in 1974 and 1975 containing no information regarding his taxable income. In 1976, he submitted blank 1040X amended return forms for those years. The IRS twice notified Mr. Schiff that he had not filed a proper tax return. Subsequently, Mr. Schiff was convicted in a jury trial in the United States District Court for the District of Connecticut for willfully failing to file federal income tax returns for 1974 and 1975, was fined $20,000.00, and sentenced to six months in prison. *United States v. Schiff,* 647 F.2d 163 (2d Cir.), *cert. denied,* 454 U.S. 835, 102 S.Ct. 137, 70 L.Ed.2d 115 (1981).

3. 26 U.S.C. § 6653 defines penalties for negligence and fraud regarding the underpayment of taxes.

4. 26 U.S.C. § 6654 defines penalties for the underpayment of an estimated tax by an individual.

5. According to 28 U.S.C. § 6861(a): "If the Secretary believes that assessment or collection of a deficiency ... will be jeopardized by delay, he shall ... immediately assess such deficiency (together with all interest, additional amounts, and additions to the tax as provided by law), and notice and demand shall be made by the Secretary for the payment thereof."

$7,271.23 on October 28, 1985. All of these forcible collections, totaling $18,260.34, were applied to the Schiff account, leaving an unpaid balance of $24,394.58 for the 1974 tax year. Significantly, Mr. Schiff failed to file any refund claims for his 1974 taxable year with the IRS contesting the collection of those funds before filing his petition in this court on August 16, 1990.

## DISCUSSION

There are two broad issues in this case. First, we must determine whether the complaint should be dismissed for lack of jurisdiction under RUSCC 12(b)(1). In this context, the defendant contends that jurisdiction is lacking because Mr. Schiff failed to file his refund claim with the IRS before filing it in this court, and further because he elected to file a redetermination of deficiency claim in the United States Tax Court rather than paying the amounts assessed against him and then filing for a refund in the Claims Court. Second, we must determine whether this is an appropriate case in which to impose sanctions under RUSCC 11. The defendant argues, in this connection, that the jurisdictional deficiencies here are so obvious and so well settled as a matter of law that the complaint is frivolous, and that sanctions are warranted. For the reasons stated below, we find that this court lacks jurisdiction on both of the grounds asserted by the defendant. Moreover, because the want of jurisdiction requires dismissal, we have no authority to act on the motion for sanctions. We now turn to a more detailed discussion of these two issues.

### A. *Jurisdiction*

#### 1. Failure to File an Administrative Claim for Refund

The defendant argues, first, that jurisdiction is clearly lacking because Mr. Schiff failed to file an administrative claim for refund with the IRS before commencing suit here, as required under 26 U.S.C. § 7422(a). That section states that:

(a) **No suit prior to filing claim for refund.**—*No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary,* according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

(emphasis added).

■ This statutory provision is jurisdictional, mandatory, and controls our decision here. It is well settled that the timely filing[6] of an administrative refund claim with the IRS is a condition precedent for tax refund jurisdiction in the Claims Court. *See, e.g., DiStasio v. United States,* 22 Cl.Ct. 36, 50 (1990); *H.S. & H. Ltd. v. United States,* 18 Cl.Ct. 241, 245 (1989); *Trout v. United States,* 1 Cl.Ct. 219, 221 (1983). *See also Miller v. United States,* 784 F.2d 728, 729 (6th Cir.1986) (per curiam). Without a duly filed administrative claim, this court has no jurisdiction, and concomitantly, no power to act on the merits. *Trout,* 1 Cl.Ct. at 221 (citations omitted). In other words, taxpayers seeking a refund have no choice but to exhaust all administrative remedies with the IRS before pursuing relief in the Claims Court. "No one is entitled to judicial relief until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem,* 303 U.S. 41, 50–51, 58 S.Ct. 459, 463, 82 L.Ed. 638 (1938). "The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Parisi v. Davidson,* 405 U.S. 34, 37, 92 S.Ct. 815, 818, 31 L.Ed.2d 17 (1972). Of course, when embodied in a statute, as in 26 U.S.C. § 7422(a), exhaus-

---

6. Whether a claim for refund is filed with the IRS in a timely manner is governed by 26 U.S.C. § 6511(a). Timeliness is not an issue here, however, because Mr. Schiff never filed any sort of refund claim with the IRS for the 1974 tax year, *see infra.*

tion becomes a compulsory requirement that cannot be waived under any circumstances.

■ Here, Mr. Schiff fails to allege, either in his complaint or subsequent pleadings, that he filed an administrative refund claim with the IRS for the 1974 tax year before filing his refund suit here. In fact, he later concedes that he failed to file an administrative claim. In this regard, we note that the taxpayer bears the burden of establishing the existence of jurisdiction. *H.S. & H. v. United States*, 18 Cl.Ct. at 245, *citing Miller*, 784 F.2d at 729, and *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). Nevertheless, Mr. Schiff argues that he was not required to file an administrative claim for refund because 26 U.S.C. § 7422(a) applies only to taxpayers who voluntarily agree to the payment or collection of taxes, penalties, and interest, while the funds that he is seeking to recover were "extorted," "seized," "appropriated," and "confiscated" by the IRS against his will. Accordingly, Mr. Schiff contends that 26 U.S.C. § 7422(a) does not apply to such involuntary collections. This argument is specious, in our view, and, therefore, completely lacking in merit.

By its own express language, 26 U.S.C. § 7422(a) applies to *any* claim seeking "the recovery of any internal revenue tax alleged to have been erroneously or *illegally* assessed or collected" (emphasis added). Mr. Schiff is obviously attempting to recover funds seized by the IRS in alleged violation of applicable law. Therefore, we need only to determine whether that disputed action may be properly characterized as either an "assessment" or a "collection" within the meaning of the statute. This is a simple matter of statutory interpretation, and, consequently, we follow a very basic rule of construction that requires us to do no more than give ordinary words their plain and ordinary meaning. *See, e.g., Miller v. United States*, 209 Ct.Cl. 135, 142, 531 F.2d 510, 513 (1976) ("Unless the context requires otherwise, words are construed according to their ordinary meaning in common speech, and in statutory con-

struction, courts resort to authoritative dictionaries to establish what the ordinary meaning is.").

In this regard, *Webster's Seventh New Collegiate Dictionary*, p. 53 (1967), states that the word "assess" means "to determine the rate or amount of (as a tax)" or "to impose (as a tax) according to an established rate," and further states, at p. 162, that the word "collect" means "to gather or extract from a number of persons or other sources (taxes)." None of these definitions make any distinctions between voluntary and involuntary assessments or collections. Indeed, with respect to taxes, they seem to clearly imply that the willingness of the taxpayer is immaterial, such that these definitions obviously cover *both* voluntary and involuntary assessments or collections.

It is a truism that by enacting 26 U.S.C. § 7422(a), Congress obviously meant to require *all* taxpayers to file administrative refund claims prior to commencing suit in this court without regard to the circumstances under which the assessment was paid, *see Brown v. Secretary of the Department of Health & Human Services*, 920 F.2d 918, 920 (Fed.Cir.1990) ("absent ambiguous language or clearly contrary legislative intent, a statute is construed in accordance with its plain meaning"). Consequently, the interpretation that Mr. Schiff would ascribe to the statute runs contrary to its plain and ordinary meaning. We therefore conclude—that 26 U.S.C. § 7422(a) applies to Mr. Schiff because it contemplates both voluntary and involuntary assessments or collections, and that we lack jurisdiction, given that statute, because he clearly failed to comply with its mandatory provisions.

2. Failure to Pursue a Refund from the Outset

■ Next, the defendant asserts that jurisdiction is lacking because Mr. Schiff elected to petition for a deficiency redetermination in the Tax Court, rather than paying all of the taxes, interest, and penalties assessed against him, filing a refund claim with the IRS, and then petitioning for a

refund in the Claims Court. Under 26 U.S.C. § 6214(a), the Tax Court has jurisdiction to determine any deficiencies in income tax for the year in question once the taxpayer elects to file a petition in the Tax Court following a notice of deficiency. In addition, 26 U.S.C. § 6512(a) states, in part, as follows:

> **(a) Effect of petition to the Tax Court.**—If the Secretary has mailed to the taxpayer a notice of deficiency ... and if the taxpayer files a petition with the Tax Court within the time prescribed ... no suit by the taxpayer for the recovery of any part of the tax [assessed for that year] shall be instituted in any [other] court [except under certain limited circumstances not here relevant]....

The mandate of this statute is crystal clear, leaving little need for any lengthy discussion. It unequivocally establishes that the Tax Court has exclusive jurisdiction once the taxpayer elects to file a petition for deficiency redetermination for a particular tax year. *See, e.g., Dorl v. Commissioner,* 507 F.2d 406 (2d Cir.1974); *see also Murphy v. United States,* 78 F.Supp. 236, 239 (S.D.Cal.1948) (if the taxpayer elects to file a redetermination of deficiency in the Tax Court, the Claims Court and the District Courts are deprived of jurisdiction). In other words, taxpayers have two mutually exclusive options. On the one hand, they may elect to petition for a deficiency redetermination in the Tax Court without paying any of the amounts assessed prior to litigating therein, or on the other, pay all outstanding assessments, file an administrative claim for refund with the IRS, and then petition for a refund in the Claims Court or in the District Court. If the taxpayer elects to pursue the first alternative, the second option is no longer available. *Elbert v. Johnson,* 164 F.2d 421, 423–424 (2d Cir.1947).

▪ In this case, the facts clearly show that Mr. Schiff elected to pursue his remedy in the United States Tax Court, thereby vesting it with exclusive jurisdiction and divesting the Claims Court of any power to act on his claims for the 1974 taxable year. Mr. Schiff was provided with a Notice of Deficiency for the 1974 tax year on January 29, 1982. That notice advised Mr. Schiff that he had 90 days to file for a deficiency redetermination in the Tax Court, if he wished to do so. Sometime before the April 30, 1982 deadline, Mr. Schiff did in fact file suit in the Tax Court, which in turn rendered a final decision sustaining the deficiency determination by the Commissioner on April 25, 1984. All of this took place long before Mr. Schiff filed his complaint in this court on August 16, 1990. Consequently, pursuant to 26 U.S.C. § 6512, we find that jurisdiction is lacking here because Mr. Schiff elected to pursue his claims in the first instance in the Tax Court, to the exclusion of any subsequent attempt to obtain relief in the Claims Court for that same year.

**3. Failure to Pay All Assessments in Full Before Filing for a Refund**

▪ Finally, while the defendant has not raised the issue, we find, *sua sponte,* that there is a third jurisdictional shortcoming in this case. Specifically, Mr. Schiff failed to pay all of the assessments against him before filing his refund claim here. This jurisdictional principle is a rudimentary requirement for all viable tax refund suits. *Flora v. United States,* 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *aff'd on rehearing,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). In *Tonasket v. United States,* 590 F.2d 343, 218 Ct.Cl. 709, 711–712 (1978), the predecessor Court of Claims concluded that the rule established in *Flora* requires litigants to pay all taxes, penalties, and interest in full before they file for a refund. While *Tonasket* was a refund suit in the Court of Claims, such decisions by our predecessor serve as binding precedent for the Claims Court. *See, e.g., Portland Health Centers v. United States,* 2 Cl.Ct. 333, 335 (1983). Consequently, the full payment rule established in *Flora* and adopted in *Tonasket* has been consistently applied as a jurisdictional bar in the Claims Court. *See, e.g., Lambropoulos v. United States,* 18 Cl.Ct. 235, 237 (1989); *DiNatale v. United States,* 12 Cl.Ct. 72, 72–73 (1987); *Kretchmar v. United States,* 9 Cl.Ct. 191, 195 (1985); *Saunooke v. United States,* 8

Cl.Ct. 327, 330 (1985); *Frise v. United States*, 5 Cl.Ct. 488, 490 (1984).

Mr. Schiff has clearly failed to satisfy this fundamental jurisdictional prerequisite. An examination of the evidence shows that he did not make any voluntary payments for the 1974 tax year, and that the jeopardy assessments by the IRS did not even come close to satisfying all of his tax liabilities for that year. In this regard, the record shows that the IRS assessed $16,406.25 in taxes, $8,203.13 in penalties for fraud, $525.00 in penalties for failure to pay, and eventually, $17,502.54 in interest. There were no voluntary payments, even after the amount of the deficiency was sustained by the Tax Court. Indeed, the only credits to the Schiff account were involuntary, and were made only after the IRS made five forcible collections over a 14–month period, aggregating $18,260.34. Even though all of those funds were applied to offset his aggregate 1974 tax liabilities, Mr. Schiff has failed to pay the remaining balance of $24,394.58 before filing his refund claim on August 16, 1990. Given these facts, we find that Mr. Schiff has failed to satisfy the full payment rule established in *Flora*, and *Tonasket*, and, therefore, he cannot invoke the refund jurisdiction of this court.

## B. *Sanctions*

■ Inasmuch as we lack jurisdiction for failure to state a claim under several well-established principles of law, *supra*, the defendant argues that the complaint is clearly frivolous and that sanctions under RUSCC 11 are warranted. RUSCC 11 authorizes the court to impose sanctions when a pleading is not justified either under existing law or under a good faith argument for the extension, modification, or reversal of existing law. Stated differently, an argument is frivolous if the result is obvious or the allegations are wholly without merit. The defendant contends that such is the case here, and requests that we impose a $5,000 fine on Mr. Schiff and order the Clerk of the United States Claims Court to reject any attempted new filings by Mr. Schiff until that sanction is paid.

■ At first blush, the defendant raises what appears to be a valid argument for sanctions. A closer analysis reveals, however, that we do not have the authority to impose sanctions under RUSCC 11 when jurisdiction over the subject matter of the dispute is lacking. In this context, it is an age-old rule that dismissal is the *only* permissible action when jurisdiction is lacking. *See, e.g., Johns–Manville Corp. v. United States*, 893 F.2d 324, 326–327 (Fed.Cir. 1989), which held as follows:

> *If there were no jurisdiction, there was no power to do anything but to strike the case from the docket....*
>
> \*    \*    \*    \*    \*    \*
>
> ... As the Supreme Court has stated, where the court has no jurisdiction, it has no power to do anything but strike the case from its docket, the matter being *coram non judice.*

(emphasis in original; citation omitted). Thus, when jurisdiction is lacking, as it is here, we cannot address any issue relating to the merits, even if it would be in the best interests of justice to do so. *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988). Having concluded that we have no jurisdiction over the merits here, any order imposing sanctions would, in our view, be without any legal effect. While the defendant cites a number of cases in which sanctions have been assessed, some of them directly concerning Mr. Schiff, we observe that none of them involved a situation precisely like the one before us. That is, they are distinguishable because all of them involved sanctions that were imposed for frivolous *appeals*, and did not involve the filing of an alleged frivolous complaint at the trial level. Moreover, in those cases, sanctions were imposed because the substantive merit of the allegations in the complaint were deemed frivolous, not because a complaint was filed in the face of clear jurisdictional authority to the contrary. In sum, we find that this court also lacks the necessary jurisdiction to impose the sort of RUSCC 11 sanctions requested by the defendant.

CONCLUSION

For the reasons stated above, the RUSCC 12(b)(1) motion to dismiss for lack of jurisdiction is GRANTED, and the RUSCC 11 motion for sanctions is DENIED. No costs. The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.