**Daniel E. DAVIS, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 98–52 T.

United States Court of Federal Claims.

March 11, 1999.

Joseph Falcone, Southfield, Mich., for plaintiff.

Sheryl B. Flum, Washington, D.C., with whom were Assistant Attorney General Loretta C. Argrett, Chief Mildred L. Seidman, and Assistant Chief David Gustafson, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge.

This tax refund case is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction. At issue is whether plaintiff timely filed a claim for refund with the Internal Revenue Service (IRS) prior to instituting suit, as jurisdictionally required by 26 U.S.C. § 7422(a) (1994). Resolution of this issue turns on whether plaintiff's uncorroborated testimony that he timely mailed his claim for refund constitutes sufficient proof of filing. For the reasons set forth below, this court finds that such testimony does not sufficiently prove filing, and, therefore, defendant's motion to dismiss is *ALLOWED.*

## BACKGROUND

The tax year in question is 1991. Plaintiff timely filed his 1991 tax return, but did not include $8,500 in income from the sale of a timber contract. In August 1993, after it learned of this income, the IRS scheduled an audit of plaintiff's 1991 tax return. Plaintiff did not appear for the audit, but contends that he never received notice of the audit.

On January 25, 1994, the IRS sent plaintiff, by certified mail, a notice of deficiency for the 1991 tax year consisting of $30,481 in tax increase and $535 in accuracy-related penalties. The tax and penalties remained unpaid. On June 27, 1994, the IRS assessed plaintiff $36,624.28 in tax, penalties, and interest. Plaintiff paid this amount on August 11, 1994.

Plaintiff decided to challenge the assessed tax and file a claim for refund. Plaintiff alleges that he mailed a Form 1040X, Amended U.S. Individual Tax Return, to the IRS's Cincinnati Service Center in November 1994.[1] He testified at his deposition that he went to the post office in Cedar Springs, Michigan, purchased a 32-cent stamp, and watched the postal clerk (who plaintiff could not identify) affix the stamp to the envelope, cancel the stamp, and put the envelope into a bin. Plaintiff did not mail the amended tax return via certified or registered mail and has no proof, other than his uncorroborated testimony, that he in fact mailed the amended return to the IRS. The IRS claims that it never received the amended return.

Plaintiff contends that, during 1995 and 1996, he mailed five letters to the IRS inquiring about his refund. Each of these letters allegedly included a copy of the 1991 amended return. Here too, plaintiff lacks proof of mailing, except for his uncorroborated testimony, and the IRS has no record of receiving any of the letters.

Plaintiff also contends that he made numerous phone calls to the IRS, but has no recollection of dates or times of these conversations, no recollection of who he spoke with, and no recollection of the substance of the discussions. Again, the IRS has no record of receiving these calls.

In August 1996, plaintiff asked Senator Spencer Abraham to investigate the status of his claim for refund for the 1991 tax year. Senator Abraham wrote the IRS in this same month. The IRS responded by letter dated October 31, 1996, informing Senator Abraham that the IRS had not received a claim for refund from plaintiff and that the statute of limitations for filing a claim for refund had now expired.

On January 22, 1998, plaintiff filed the instant suit, in which plaintiff seeks to recover the $36,753.36 he allegedly overpaid for tax year 1991. Defendant now moves to dismiss on the grounds that plaintiff did not first file a timely claim for refund with the IRS.

## DISCUSSION

In considering defendant's motion to dismiss, the court must construe the facts in the complaint in the light most favorable to plaintiff, *see Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), accept any undisputed allegations of fact as true, *see Reynolds v. Army and Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed.Cir.1988), and decide only those disputed facts pertaining to jurisdiction, *see id.* Since the disputed facts in this case pertain to the jurisdictional question of whether plaintiff timely filed a claim for refund with the IRS, the matter is properly before this court. *See Favell v. United States,* 22 Cl.Ct. 571, 575 (1991).

In a tax refund case, timely filing a claim for refund with the IRS is a jurisdictional prerequisite to filing suit in the Court of Federal Claims. *See* 26 U.S.C. § 7422(a) (1994)[2]; *United States v. Felt & Tarrant Mfg. Co.,* 283 U.S. 269, 272, 51 S.Ct. 376, 75 L.Ed. 1025 (1931). To be timely, a claim for refund must be filed with the IRS within two years from the date plaintiff paid the tax. *See* 26 U.S.C. § 6511(a) (1994).[3] Here, plain-

---

1. If properly filed, an amended tax return, or 1040X, constitutes a valid claim for refund in accordance with Treasury Regulations. *See* 26 C.F.R. § 301.6402–3(a)(5) (1998).

2. Section 7422 of the Internal Revenue Code states:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary [of the IRS].... 

26 U.S.C. § 7422(a) (1994).

3. Section 6511 of the Internal Revenue Code sets forth the statute of limitations for filing a claim for refund with the IRS and states:

Claim for credit or refund of an overpayment of any tax ... shall be filed by the taxpayer

tiff paid the tax in question on August 11, 1994, so plaintiff had until August 11, 1996, to timely file his claim with the IRS. Since it is plaintiff's burden to prove jurisdictional matters by a preponderance of the evidence, plaintiff must prove timely filing in this case by the same standard. *See McIlvaine v. United States*, 23 Cl.Ct. 439, 441 (1991); *see also Reynolds*, 846 F.2d at 748.

Defendant argues that it did not receive plaintiff's claim for refund and presents evidence by way of an IRS Certification of Lack of Record and a declaration from an IRS employee to show lack of receipt. These records are presumed true, accurate, and correct. *See HS & H Ltd. v. United States*, 18 Cl.Ct. 241, 246 (1989) and cases cited therein. This is a rebuttable presumption, however, and plaintiff may rebut the presumption of correctness by presenting reliable evidence to the contrary. *See id.* Such evidence "must be strong enough to suggest that it is highly probable that the filing has taken place." *Rosengarten v. United States*, 149 Ct.Cl. 287, 292, 181 F.Supp. 275 (1960).

Here, plaintiff testified at his deposition that he timely mailed his claim for refund in November 1994 and, again, with subsequent letters of inquiry to the IRS. Plaintiff presents no evidence to corroborate his testimony, however. Instead, plaintiff merely provides two news articles (describing specific instances of lost mail at IRS locations other than the one involved here), two senate commission reports (pertaining to IRS restructuring and system modernization), and an affidavit of a tax attorney (who was not personally involved in this case but who dealt with the IRS on other matters) to show that it is possible that the IRS could have received and then lost plaintiff's claim on each of the six occasions it was allegedly mailed. Based on this evidence, plaintiff asks this court to conclude that his claim for refund was timely filed with the IRS and to accept jurisdiction in this case. For the reasons set forth below, however, the court cannot grant plaintiff relief.

To be properly filed, a claim for refund must be physically delivered to and received by the IRS, unless, of course, an exception to this physical delivery rule applies. *See McIlvaine*, 23 Cl.Ct. at 442; *Favell*, 22 Cl.Ct. at 576; *HS & H Ltd.*, 18 Cl.Ct. at 246 (1989); *Buttke v. United States*, 13 Cl.Ct. 191, 192 (1987); *see also* 26 U.S.C. § 7502 (1994) (setting forth exceptions). The only two exceptions to the physical delivery rule are statutorily set out in 26 U.S.C. § 7502 (1994). *See Ygnatowiz v. United States*, 1997 WL 625502, at *4 n. 8 (Fed.Cl. Aug. 5, 1997). A timely mailing is treated as a timely filing, giving rise to a presumption that the IRS received a claim for refund, only if one of these two statutory exceptions applies. *See id.* The common law mailbox rule has no application to the instant case. *See id.*[4]

The first statutory exception to the physical delivery rule provides that a certified or registered mail receipt constitutes prima facie proof of filing. *See* 26 U.S.C. § 7502(c) (1994). The second exception provides that

within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later.... 26 U.S.C. § 6511(a) (1994).

4. Some jurisdictions might differ with this court as to whether 26 U.S.C. § 7502 (1994) carves out the only two exceptions to the physical delivery rule and, thus, whether the common law mailbox rule applies. *See, e.g., Anderson v. United States*, 966 F.2d 487, 490–91 (9th Cir.1992) (finding § 7502 did not contain the only exceptions, permitting use of common law mailbox rule, and accepting circumstantial evidence to prove delivery); *Estate of Wood v. Commissioner*, 909 F.2d 1155, 1160–61 (8th Cir.1990) (same). On the other hand, other jurisdictions would agree with this court. *See, e.g., Miller v. United States*, 784 F.2d 728, 731 (6th Cir.1986) (finding § 7502 contains exclusive exceptions, declining to follow common law mailbox rule, and refusing to accept circumstantial evidence as proof of filing); *Deutsch v. Commissioner*, 599 F.2d 44, 46 (2d Cir.1979) (same). The differing opinions of the circuit courts, however, are neither controlling, nor persuasive in light of the clear decisions of the Court of Federal Claims and its predecessor, the Claims Court, in this area. *See Ygnatowiz v. United States*, 1997 WL 625502, at *4 n. 8 (Fed. Cl. Aug. 5, 1997) (holding that there are only two exceptions to physical delivery rule, as defined by statute, and common law mailbox rule does not apply); *McIlvaine v. United States*, 23 Cl.Ct. 439, 442 (1991) (determining that there are only two statutory exceptions); *accord Favell v. United States*, 22 Cl.Ct. 571, 576 (1991); *HS & H Ltd. v. United States*, 18 Cl.Ct. 241, 246 (1989); *Buttke v. United States*, 13 Cl.Ct. 191, 192 (1987).

when a document is mailed prior to the deadline, yet received after the deadline, "the date of the United States postmark stamped on the cover . . . shall be deemed to be the date of delivery." *See* 26 U.S.C. § 7502(a)(1) (1994). This second exception—a statutory mailbox rule—can only be invoked where the document in question is actually received by the IRS. *See McIlvaine*, 23 Cl.Ct. at 442; *Favell*, 22 Cl.Ct. at 576; *HS & H Ltd.*, 18 Cl.Ct. at 246; *Buttke*, 13 Cl.Ct. at 192; *see also* 26 C.F.R. § 301.7502–1(e) (1998) (requiring document to be "mailed and delivered"). Since plaintiff did not use certified or registered mail and the claim which plaintiff allegedly mailed was never received by the IRS, neither exception applies to the instant case.

Since neither the statutory or common law mailbox rule has any application here, plaintiff's argument that evidence of mailing establishes a presumption of receipt necessarily fails.[5] Moreover, since the physical delivery rule controls, plaintiff bears the risk of mailing and must prove that his claim was both physically delivered to and received by the IRS in order to establish timely filing for jurisdictional purposes. *See McIlvaine*, 23 Cl.Ct. at 441–42; *HS & H Ltd.*, 18 Cl.Ct. at 246. Here, plaintiff has fallen far short of meeting this burden.

 Under the physical delivery rule, uncorroborated testimony of proper and timely mailing constitutes insufficient proof of filing. *See McIlvaine*, 23 Cl.Ct. at 442–43 (plaintiff's testimony, alone, is insufficient to prove timely filing); *HS & H Ltd.*, 18 Cl.Ct. at 245–46 (same); *see also Buttke*, 13 Cl.Ct. at 192–93 (tax preparer's affidavit that she mailed claim for refund is insufficient proof of filing). Such testimony does not establish that the document was delivered to or received by the IRS. *See McIlvaine*, 23 Cl.Ct. at 442–43; *HS & H Ltd.*, 18 Cl.Ct. at 246; *see also Buttke*, 13 Cl.Ct. at 192–93. The affidavit, news articles, and commission reports, at best, demonstrate a remote possibility that the IRS could have received and then lost plaintiff's claim for refund.[6] Plaintiff, however, has provided no evidence whatsoever that this in fact occurred. Such evidence, therefore, falls far short of rebutting the presumption afforded defendant in this case that the IRS did not receive plaintiff's claim. And such evidence certainly falls short of proving jurisdiction, or timely filing, by a preponderance of the evidence.

## CONCLUSION

The common law mailbox rule has no application to the instant case. The only two exceptions to the physical delivery rule are statutorily carved out in 26 U.S.C. § 7502 (1994), but neither exception applies here. Plaintiff has not proven that his claim for refund was timely delivered to and received by the IRS, as required by the physical delivery rule. Accordingly, this court lacks jurisdiction over plaintiff's tax refund claim. For these reasons, defendant's motion to dismiss is *ALLOWED*.

**IT IS SO ORDERED.**

---

**5.** Even in jurisdictions such as the Eighth and Ninth Circuits, which allow circumstantial evidence to create a presumption of receipt, plaintiff's uncorroborated testimony of mailing is insufficient to prove timely filing. For example, neither the *Anderson* or *Estate of Wood* courts granted relief based solely upon plaintiff's uncorroborated testimony. *See Anderson v. United States*, 966 F.2d 487, 489 (9th Cir.1992) (person who accompanied plaintiff to post office offered corroborating testimony); *Estate of Wood v. Commissioner*, 909 F.2d 1155, 1157 (8th Cir. 1990) (postal service employee who handled and stamped envelope provided corroborating testimony). The *Estate of Wood* court even warned that proof of mailing, without more, was insufficient to establish a presumption of receipt. *See*

*Estate of Wood*, 909 F.2d at 1161 (requiring direct proof of postmark, which court determined to be "verifiable beyond any self-serving testimony of a taxpayer who claims that a document was timely mailed"). In the instant case, plaintiff has provided only his self-serving testimony of mailing and nothing more. Thus, even under the law of Eighth and Ninth Circuits, which plaintiff urges this court to follow, plaintiff's claim jurisdictionally fails.

**6.** Notwithstanding, the newspaper articles are inadmissible hearsay and, as such, cannot be relied upon by plaintiff to demonstrate factual matters in response to defendant's motion. *See* RCFC App. H.