**Leroy BUTTKE and Leona
Buttke, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 575–85T.**

United States Claims Court.

Aug. 28, 1987.

Leroy and Leona Buttke, pro se.

Ellen K. McGee, Dept. of Justice, Washington, D.C., for defendant.

## OPINION

ROBINSON, Judge.

The case is before the court on defendant's motion to dismiss for lack of jurisdiction over the subject matter (a tax refund) where the taxpayer failed to file a claim for refund with the Internal Revenue Service ("I.R.S.") prior to commencing the action. This is an action for a refund of $2,356.65 (in late payment penalties, bad check penalties, and interest) assessed and collected by levy upon plaintiffs' account with First Bank of Valley City, North Dakota, with respect to plaintiffs' income tax liability for calendar year 1976.

Plaintiffs allege that they filed a timely claim for a refund of the amount of $2,356.65 on June 27, 1983, by mailing to the I.R.S. by regular mail their claim for the refund. However, the I.R.S. has no record of receiving the claim. Defendant argues that the failure to file with the I.R.S. deprives this court of jurisdiction. Plaintiffs argue that they should have the opportunity to prove that their claim was mailed. Plaintiffs have submitted an affidavit of their tax preparer stating that she mailed the refund claim (Form 1040X) to the Ogden Center of the I.R.S. on June 27, 1983, and further that the I.R.S. had in the past advised tax preparers not to mail "tax returns" to the I.R.S. by certified or registered mail.

The filing of a claim for a refund with the Internal Revenue Service is a jurisdictional requirement for suit in federal court. 26 U.S.C. § 7422(a). A timely filing occurs when the refund claim is physically delivered to, and received by the I.R.S. within the statutory period. *Miller v. United States*, 784 F.2d 728 (6th Cir.1986). There are two exceptions to this "physical delivery" rule. One provides that the date of the postmark "stamped on the cover in which such ... claim ... is mailed shall be deemed to be the date of delivery ...". 26 U.S.C. § 7502(a)(1). This exception is not here applicable because neither the refund claim nor the envelope in which it was mailed, after a diligent search by I.R.S. personnel, has been found in the I.R.S.'s Ogden office. Another exception to actual delivery is for claims sent by registered or certified mail. 26 U.S.C. § 7502(c). Admittedly, plaintiffs' tax preparer did not use either registered or certified mail to send the claim. Therefore, there is insufficient evidence of plaintiffs' having mailed, and the I.R.S.'s having received, the claim. Thus, there has been no effective filing as a basis for this action. *Miller v. United States, supra; Wiggins v. United States*, Civ. No. HM85–1591 (D.Md. December 29, 1986) [Available on WESTLAW, 1986 WL 15,574].

The plaintiffs argue that they may prove their timely mailing of the refund claim on June 27, 1983 (by the tax preparer's affidavit of mailing). However, they cite no legal authority for this proposition. While earlier cases suggest an exception which would allow proof of receipt by circumstantial evidence of mailing, these

cases all predate the adoption in 1954 of Section 7502. Recent decisions interpreting Section 7502(a)(1) are to the contrary, particularly where pertinent I.R.S. records establish, as is the case here, that no refund claim was ever received. *Grote Manufacturing Co. v. United States,* No. NA84–177–C (S.D.Ind. Nov. 27, 1985) (order dismissing claim); *Miller v. United States, supra; Deutsch v. Commissioner of Internal Revenue,* 599 F.2d 44 (2d Cir.), cert. denied, 444 U.S. 1015, 100 S.Ct. 665, 62 L.Ed.2d 644 (1979); *Redman v. Commissioner of Internal Revenue,* 820 F.2d 209 (6th Cir.1987).

The rule announced by the Court of Claims in *Charlson Realty Co. v. United States,* 181 Ct.Cl. 262, 384 F.2d 434 (1967), is not applicable to the case at bar. In *Charlson,* the Court of Claims considered whether the statute of limitations barred a complaint to commence suit after plaintiffs' properly filed refund claims had been denied by the I.R.S., when the complaint was delivered to the court by regular mail one day after the period had run. The Court of Claims, relying upon a presumption of receipt within the due course of the mails for purposes of filing an action in the Court of Claims only, found that plaintiff's petition was timely. Thus, 26 U.S.C. § 7422 and 26 U.S.C. § 7502 were not even at issue. Such is not the case here. Section 7422(a) requires a refund claim to be "duly filed with the Secretary, according to the provision of law in that regard" as a prerequisite to this Court's jurisdiction. Section 7502 governs the timely filing of a refund claim under Section 7422. Since plaintiffs have not made the showing of proof (the "indicia of reliability") under Section 7502, there has been no filing of a refund claim under Section 7422(a). Thus, this Court lacks jurisdiction over plaintiffs' case.

## CONCLUSION

While the court is sympathetic to the circumstances in which plaintiffs find themselves, it is clear that Congress, by enacting Section 7502, intended to avoid the problem of circumstantial proof of mailing, the precise problem here involved. The court finds that it lacks jurisdiction on this action and, thus, does not possess the power to give plaintiffs relief. The defendant's motion is GRANTED. Accordingly, the Clerk is directed to dismiss the complaint with prejudice. No costs shall be assessed against the plaintiffs.

IT IS SO ORDERED.