911 F.2d 733
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dwight PURK, Plaintiff-Appellant,
v.
INTERNAL REVENUE SERVICE, Commissioner of Internal Revenue,
Frederic P. Williams, Director, Service Center,
United States of America, Defendants-Appellees.
 No. 90-3380.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1990.
 
 Before MERRITT, Chief Judge, and BOYCE F. MARTIN, Jr., and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 This pro se tax protestor appeals the district court's judgment dismissing his complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). He has filed a motion for leave to proceed in forma pauperis on the appeal and requests the appointment of counsel in his brief. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Dwight Purk filed a "Complaint for Invalidation" against the Internal Revenue Service (IRS), the director of the agency's service center in Cincinnati, Ohio, and the United States. He alleged that the notice of deficiency issued for tax years 1986, 1987, and 1988 is fraudulent and "constitutionally tainted." He further alleged that he filed a Freedom of Information Act request to have the notice invalidated but received no response. Purk sought injunctive relief and compensatory damages.
 
 
 3
 Upon review we conclude that the complaint was properly dismissed. It appears beyond doubt that Purk can prove no set of facts showing he is entitled to the relief he seeks. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988).
 
 
 4
 Purk asserted jurisdiction under the Freedom of Information Act, 5 U.S.C. Sec. 552(a)(4)(B). The statute empowers the district court to enjoin the actions of an agency "on a showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.' " United States Dep't of Justice v. Tax Analysts, 109 S.Ct. 2841, 2847 (1989). Initially, however, a party must make a request for agency records. 5 U.S.C. Sec. 552(a)(3). Because Purk did not request records, he cannot show that the agency improperly withheld records under its control.
 
 
 5
 Accordingly, the motion for leave to proceed in forma pauperis is granted and the request for appointment of counsel is denied. The district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.