**Eugene W. deROCHEMONT, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 391–89 T.

United States Claims Court.

May 10, 1991.

Eugene W. deRochemont, pro se.

G. Robson Stewart, Washington, D.C., for defendant.

## SHOW CAUSE ORDER

TURNER, Judge.

For reasons set forth below, the court, *sua sponte*, directs plaintiff to show cause why his claim for refunds totalling $6294.38[1] and interest thereon should not be forfeited to the United States pursuant to 28 U.S.C. § 2514.

By separate opinion and order filed this day (incorporated herein by reference), we concluded that deRochemont's request for a refund of an alleged $2666 overpayment in his 1979 individual income tax was barred under 26 U.S.C. § 7422. We further concluded that the IRS lacked authority to recoup the fraudulently induced $5015.62 D & L Fleck quarterly payroll tax refund by assessing a deficiency against deRochemont, and that there is a genuine issue of material fact relative to whether the IRS properly assessed and collected the $1278.76 amount to recoup the 1979 Wilson refund. Notwithstanding the foregoing, we raise *sua sponte* whether 28 U.S.C. § 2514 requires forfeiture to the United States of deRochemont's claim for a refund

of $6294.28 ($5015.62 plus $1278.76) and interest thereon.

Title 28 U.S.C. § 2514 provides:

A claim against the United States shall be forfeited to the United States by any person who corruptly practices or attempts to practice any fraud against the United States in the proof, statement, establishment, or allowance thereof.

In such cases the United States Claims Court shall specifically find such fraud or attempt and render judgment of forfeiture.

Although defendant has not specifically sought a judgment of forfeiture under 28 U.S.C. § 2514,[2] we cannot ignore what appears to be a flagrant attempt by deRochemont to practice fraud in this suit.

■ At deRochemont's change of pleas hearing held on October 21, 1983, the following colloquy occurred:[3]

[United States District Judge Sylvia Rambo]: [I]t is alleged in 1979 you presented a form 941 on behalf of D & L Fleck, Inc. in care of Associated Business Systems ... claiming a refund of taxes in the amount of $5015.62 knowing that you were not entitled to receive that. [To Assistant United States Attorney David Shipman]: Would you relate that matter?

[Shipman]: ... Mr. deRochemont without [D & L Fleck's] authorization or knowledge prepared form 941s to send to the Internal Revenue Service in which he stated his name was Mr. Gene Wilson, President of D & L Fleck, Inc. and stated that their tax liabilities were zero, and that they were entitled to receive a refund of monies that they had previously paid in the amount of $5015.62. Then the refund was sent to Mr. deRochemont—at least to an address controlled

---

**1.** The complaint requests three refunds totalling $8960.38; the request for a $2666 refund was dismissed for failure to state a claim, leaving an outstanding claim for a refund of $6294.38.

**2.** In its brief filed in support of its cross-motion for summary judgment, defendant raises the issue of fraud, but only in a general way. It states that normally the defense of fraud must be raised in the answer, but that on the facts of this case the defense may be raised by way of a

motion for summary judgment. Defendant also states that the court "could simply allow defendant to amend its [answer] to state a counterclaim of the erroneously assessed amounts and could render judgment thereon for the United States." However, defendant has not sought leave of court to amend its answer to state a counterclaim, nor does it cite 28 U.S.C. § 2514.

**3.** deRochemont was placed under oath at the outset of the hearing.

by him at 2328 Derry Street [Harrisburg, Pennsylvania], and he kept the monies.

[Judge Rambo]: Mr. deRochemont, did you file that return?

[DeRochemont]: Yes, I did.

[Judge Rambo]: Did you file it without authorization of D & L Fleck, Inc.?

[DeRochemont]: Yes, I did.

[Judge Rambo]: *Did you in fact receive that money knowing that you were not entitled to receive the same?*

[DeRochemont]: Yes, I did.

(Emphasis added.)

Yet, in his administrative claim for a refund of $5015.62, deRochemont represented to the IRS that he "never received or negotiated any IRS refund checks belonging to D & L Fleck, Inc." In addition, in his complaint before this court, deRochemont alleges that he "never obtained or negotiated any quarterly payroll tax refund check for D & L Fleck, Inc." DeRochemont signed both the administrative refund claim and the complaint below a declaration that the statements in those documents were "true and correct" pursuant to 28 U.S.C. § 1746 (relating to declarations made under penalty of perjury).

■ The essence of fraud under section 2514 is conduct or the making of a false or misleading statement with the "intent to deceive the Government...." *Miller v. United States*, 550 F.2d 17, 213 Ct.Cl. 59, 68 (1977). While it may technically be true that the $5015.62 refund check did not "belong to" D & L Fleck (after all, D & L Fleck was not entitled to a $5015.62 refund of its 1979 quarterly payroll tax), and while strictly speaking the check was not "for" D & L Fleck (apparently the refund check was made payable to D & L Fleck "care of" Associated Business Systems), the only conclusion that can be drawn from the statement "[p]laintiff never obtained or negotiated any quarterly payroll tax refund check for D & L Fleck" is that deRochemont intends to deceive the Department of Justice and the court, for it is an uncontrovertible fact that deRochemont received the $5015.62 refund generated by the fraudulent 1979 D & L Fleck quarterly payroll tax return.

■ Title 28 U.S.C. § 2514 is applicable when a party attempts to establish a tax refund claim through fraud. *Standard Oil v. United States*, 47 F.Supp. 120, 98 Ct.Cl. 201 (1942), *cert. denied*, 319 U.S. 749, 63 S.Ct. 1156, 87 L.Ed. 1704 (1943) (applying 28 U.S.C. § 279, the predecessor to section 2514). Section 2514

goes further than merely banning fraudulent claims. It provides for forfeiture of the claim if any fraud is practiced or attempted to be practiced in proving, establishing or allowing a claim. This is one of the conditions on which the Government gives its consent to be sued and waives its otherwise sovereign immunity.

*Kamen Soap Products v. United States*, 124 F.Supp. 608, 129 Ct.Cl. 619, 641 (1954).

■ Fraud must be shown by clear and convincing evidence. *Miller*, 550 F.2d 17, 213 Ct.Cl. at 168. A determination of whether there has been fraud can be made under this standard "by placing the questioned documents and statements alongside ... established facts." *Kamen Soap Products*, 124 F.Supp. 608, 129 Ct.Cl. at 642. It is an established fact, based on deRochemont's admission in open court while under oath, that he received the fraudulently induced $5015.62 D & L Fleck refund. When the allegations in plaintiff's administrative claim for a refund and his complaint are placed alongside this established fact, fraud is shown by clear and convincing evidence.

■ DeRochemont's request for a refund of $1278.76 (relative to the Wilson refund) must also be forfeited.

It is true that the forfeiture statute [28 U.S.C. § 2514] was not intended to forfeit an otherwise valid claim of a claimant merely because, in some other unrelated transaction, he had defrauded the Government. But where ... fraud was committed in regard to the very contract upon which the suit is brought, this court does not have the [power] to divide the contract and allow recovery on part of it.

*Little v. United States*, 152 F.Supp. 84, 138 Ct.Cl. 773, 778 (1957). The *Little* rule

against segregating non-fraudulent aspects of a contract claim from fraudulent aspects and allowing recovery on the non-fraudulent aspects applies with equal force in the instant case. DeRochemont has filed a claim—the pending complaint—for a tax refund relative to tax year 1979, and he has attempted to practice fraud in the statement of that claim. Thus, assuming *arguendo* that plaintiff would otherwise be entitled to a refund of $1278.76 relative to the allegedly false and fraudulent 1979 Wilson return, we cannot treat the request for a $1278.76 refund as "some other unrelated transaction" separate from the rest of deRochemont's complaint; the entire complaint is tainted by fraud, and the *Little* anti-splitting rule thus bars recovery of the $1278.76 requested therein.

■ Most cases in which a judgment of forfeiture has been rendered under section 2514 have involved government counterclaims in fraud. *But see Lapus v. United States*, 145 Ct.Cl. 660 (1959) (court summarily orders forfeiture of "gross[ly] inflat[ed]" claim under section 2514 without any mention of a government counterclaim). As noted above, the government has not filed a counterclaim in this case. However, there is no requirement in the statute or in logic which would preclude a *sua sponte* rendering of a judgment of forfeiture where, as here, a court is faced with clear and convincing evidence of a fraudulent statement of a claim. The statute itself says that a claim *"shall* be forfeited"* (emphasis added) if a claimant attempts to practice fraud in the statement of the claim. Indeed, the forfeiture provision represents a condition on the sovereign's waiver of immunity from suit. *Kamen Soap Products*, 124 F.Supp. 608, 129 Ct.Cl. at 641. Further, RUSCC 60(b) empowers the court to relieve the United States from a final judgment where such judgment was obtained through fraud. *See also* 28 U.S.C. § 2515(b) (Claims Court may grant the United States a new trial and stay the payment of any judgment upon a showing that there has been a fraud, wrong, or injustice done to the United States).

Given that the Claims Court may order forfeiture of a fraudulent claim when the defendant interposes a counterclaim in fraud in its answer, and given that the Claims Court may relieve the United States from a judgment or grant the United States a new trial when there is clear and convincing evidence of fraud, it makes little sense to say that there is a middle ground—where the government has made no counterclaim, the case has yet to go to trial, and judgment has not been entered—in which the court is powerless to act in the face of clear and convincing evidence of fraud.

It is ORDERED that plaintiff shall file with the court not later than Monday, June 10, 1991 any opposition to judgment of forfeiture which he may desire to present. If no response is received from plaintiff by June 10 or if any such response does not adequately refute the clear and convincing evidence of fraud recited above, the court shall render judgment of forfeiture.