**Dwight PURK, Plaintiff,**

*v.*

**The UNITED STATES, Defendant.**

**No. 93–148T.**

United States Court of Federal Claims.

Feb. 16, 1994.

---

Dwight Purk, pro se.

Bartholomew Cirenza, Washington, D.C., with whom was Acting Assistant Attorney General Michael L. Paup, Mildred L. Seidman, and Terry T. Coles, for defendant.

## OPINION

ROBINSON, Judge.

Plaintiff filed a complaint seeking refund of taxes in the approximate amount of $44,000 plus statutory interest allegedly due respecting assessments for the tax years 1981 through 1991. The matter is before the court upon defendant's motion to dismiss under Rules 12(b)(1) and (4) of the Rules of the United States Court of Federal Claims (RCFC) for lack of jurisdiction and failure to state a claim upon which relief may be granted. Defendant's motion addresses separately, the tax years 1981 through 1983, 1984 through 1988, 1981 through 1988, and 1989 through 1991, and assigns different grounds for dismissal as to each of these groups of tax years, but also collectively assigns several grounds for dismissal of all counts for all tax years. After completion of briefing by the parties, oral argument was held on September 28, 1993.

Because plaintiff appears *pro se* in this suit, the court took unusual care during oral argument to explain to plaintiff the factual and legal issues presented by defendant's motion. After a careful review of all of the facts and legal issues presented, the court finds merit in defendant's objections to the complaint raised in its motion to dismiss. Therefore, for the reasons hereinafter assigned, defendant's motion is granted.

### Background

Plaintiff, Dwight Leslie Purk, has long been a tax protestor and a member of a tax protesting organization called "Belanco." He elected not to file tax returns for the taxable years December, 1981 through December, 1991. Apparently following the teachings of Belanco, and perhaps using its instructional materials, plaintiff, over the past several years, has filed numerous lawsuits raising constitutional and other legal challenges to defendant's right to assess and collect taxes

against him.[1] All of these cases were dismissed by the courts involved either for lack of jurisdiction or for failure to state a claim upon which relief could be granted.

The undisputed facts show that for the taxable years 1981 through 1989, substitute United States Individual Tax Returns (Forms 1040) were prepared in plaintiff's name. This was done by the Internal Revenue Service (IRS) on behalf of the Secretary of the Treasury pursuant to Internal Revenue Code 26 U.S.C. § 6020(b) (1988).[2] Each of the 1981 through 1989, substitute returns reported Dwight Leslie Purk as a married individual filing a separate return. These returns showed no income, deductions or credits. After preparing and filing these returns, the IRS advised plaintiff that it had computed his tax, that tax deficiencies existed for the years 1981 through 1988, and that such deficiencies would be assessed unless plaintiff timely filed a petition in the United States Tax Court. For the 1989 tax year, the IRS had not entered any tax assessment nor mailed any notice of deficiency to plaintiff, as of the date plaintiff filed his complaint in this court. With respect to all such years, except the 1985 tax year, plaintiff failed to file a petition in the United States Tax Court

and, therefore, assessments were entered against plaintiff based upon the previously issued notices of deficiencies. For the 1985 taxable year, plaintiff filed a petition in the United States Tax Court, which was eventually dismissed for lack of subject matter jurisdiction. The IRS then entered an assessment against plaintiff.

For the tax years ending December 31, 1990, and December 31, 1991, plaintiff did not file any returns and the IRS issued certificates of assessments. As of the date of issuance of the certificates of assessments, the IRS had not prepared substitute returns for the tax years 1990 and 1991.

After these assessments were entered, the IRS initiated collection activity for all assessed tax years. As a result, some, but not all, of the assessed taxes, penalties and interest have been collected.[3]

During 1983 and 1984, plaintiff submitted a claim for refund (Form 843) with respect to the 1981 through 1983 taxable years. However, defendant maintains that these particular refund claims were not "duly filed." On March 24, 1992, plaintiff, using Form 843, filed another claim for refund purporting to

1. *See Purk v. United States*, Nos. 89–3789, 89–3790, 1990 WL 12188, 1990 U.S.App.LEXIS 2193 (6th Cir. Feb. 13, 1990); *Purk v. IRS*, Nos. 89–3789, 89–3790, 1990 WL 12188, 1990 U.S.App.LEXIS 2193 (6th Cir. Feb. 13, 1990), *aff'g* Nos. C–3–89–323, C–3–89–324 (S.D.Ohio); *Purk v. United States*, C–3–91–001, C–3–91–38 (S.D.Ohio Aug. 12, 1991); *Purk v. United States*, C–3–90–211 (S.D.Ohio Aug. 9, 1991); *Purk v. Neuenschwander*, No. C–3–89–428 (S.D.Ohio Mar. 26, 1990); *Purk v. Federal Magistrate*, No. C–3–90–81 (S.D.Ohio Mar. 26, 1990); *Purk v. United States*, 747 F.Supp. 1243 (S.D.Ohio 1989); *Purk v. United States*, No. C–3–90–82 (S.D.Ohio Mar. 26, 1990), *aff'd*, No. 90–3321, 1990 WL 126890, 1990 U.S.App.LEXIS 15527 (6th Cir. Aug. 30, 1990); *Purk v. United States*, Nos. C–3–89–390, C–3–89–391, C–3–89–395, C–3–89–397, C–3–90–83, C–3–90–84, C–3–90–85, C–3–90–86,

C–3–90–87 (S.D.Ohio Mar. 26, 1990); *Purk v. Krupansky*, No. C–3–90–89 (S.D.Ohio Mar. 26, 1990), *aff'd*, No. 90–3317, 1990 WL 126888, 1990 U.S.App.LEXIS 15563 (6th Cir. Aug. 30, 1990); *Purk v. IRS*, No. C–3–90–88 (S.D.Ohio Mar. 26, 1990), *aff'd*, No. 90–3380, 1990 WL 118685, 1990 U.S.App.LEXIS 14256 (6th Cir. Aug. 15, 1990); *Purk v. IRS*, No. C–3–89–342 (S.D.Ohio Aug. 23, 1989), *aff'd*, No. 89–3811, 1990 WL 10692, 1990 App.LEXIS 1984 (6th Cir. Feb. 9, 1990); *Purk v. United States*, 747 F.Supp. 1243 (S.D.Ohio 1989), *aff'd*, No. 89–3320, 1990 WL 10697, 1990 U.S.App.LEXIS 1983 (6th Cir. Feb. 9, 1990).

2. Unless otherwise noted all referenced code sections are to the Internal Revenue Code, Title 26, 1988.

3.

| Tax Year | Tax | Underpayments Penalties | Interest | Total Unpaid Balances |
|---|---|---|---|---|
| 1984 | $1,738.94 | $1,422.90 | $ 979.85 | $ 4,141.69 |
| 1985 | 4,979.00 | 2,695.31 | 2,636.41 | 10,310.72 |
| 1986 | 3,236.43 | 1,822.81 | 1,669.64 | 6,728.88 |
| 1987 | 3,592.04 | 1,780.28 | 1,263.17 | 6,635.49 |
| 1988 | 3,241.68 | 1,194.88 | 647.24 | 5,083.80 |

cover the 1981 through 1988 tax years.[4] Plaintiff's complaint seeks a refund of $44,-000, plus interest, *i.e.*, 1981 through 1991.[5] The complaint alleges several grounds for recovery including procedural and constitutional defects in the actions of the IRS, noncompliance with acts of Congress and various government regulations including specified Internal Revenue Code Sections and "fraudulent" issuance of certificates of assessments.

## Contentions of the Parties

Defendant's motion to dismiss filed pursuant to RCFC 12(b) states five bases for dismissing plaintiff's claims as to some or all of the years in question. Specifically, defendant alleges that (1) with respect to tax years 1981 through 1983, plaintiff is statutorily barred under § 6511 from recovering the amounts demanded, because plaintiff failed to file a refund claim within the statutory period; (2) with respect to the tax years 1984 through 1988, this court lacks subject matter jurisdiction since plaintiff has not fully paid the taxes assessed for those years; (3) with respect to tax years 1989 through 1991, this court lacks subject matter jurisdiction under § 7422 because plaintiff has not duly filed any claims for refund for those years; (4) with respect to all years, plaintiff's suit should be forfeited under 28 U.S.C. § 2514 (1988), for fraud; and (5) with respect to all years plaintiff's complaint should be dismissed under the doctrine of *res judicata*.

In response, plaintiff contends that the taxes were erroneously and fraudulently seized; that he is due this refund pursuant to a properly or "duly filed" refund claim for all ten tax years in question; that the doctrine of *res judicata* does not bar all or any part of his claim; that he has not fraudulently altered any Form 843; that his suit should not be forfeited because of fraud; and that no part of his total claim should be dismissed as

to any tax year upon any of the several grounds stated by defendant in its motion.

## DISCUSSION

The court will address in its discussion all of the various grounds for dismissal cited in defendant's motion to dismiss but in a different order, because many of these grounds are, in essence, cumulative.

### 1. *Res judicata.*

■ The court first considers defendant's contention that under the doctrine of *res judicata* this suit is forever barred because all of plaintiff's allegations as per the tax years 1981 through 1988 have been previously and finally adjudicated in *Purk v. United States*, No. C–3–90–211, a decision of the United States District Court, Southern District, Ohio.

The court agrees that this suit is barred as to tax years 1981 through 1988 based on *res judicata*. "Once a party has fought out a matter in litigation with the other party, he cannot later renew that duel." *Commissioner v. Sunnen*, 333 U.S. 591, 598, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). The general rule is:

> "when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to a suit and their privies are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.'"

*Id.* at 597, 68 S.Ct. at 719 (quoting *Cromwell v. County of Sac*, 94 U.S. 351, 352, 24 L.Ed. 195 (1876)). For example, the jurisdictional allegations in No. C–3–90–211 are almost identical to those in the instant proceeding.

---

4. Defendant maintains that this same Form 843 was subsequently altered to cover tax years 1981 through 1991 and attached to plaintiff's complaint when that complaint was filed on March 15, 1993. The court carefully examined the Form 843 filed with the complaint and, after comparing it with the Form 843 filed with plaintiff's refund claim, the court has determined that the alterations alleged by defendant were, in fact, made.

5. During oral argument plaintiff confirmed that he is seeking a refund of taxes totalling $44,000 plus interest. Therefore, plaintiff has confirmed defendant's presumption in this regard as stated in its motion. However, the particular amounts of interest claimed cannot be computed until a specific amount of refund has been assigned to each tax year in the consolidated 10 year period 1981 through 1991.

In fact, Mr. Purk, in that case cited the same statutes, including 28 U.S.C. § 1346(a)(1) (1988),[6] and constitutional provisions upon which he rests his claims in this suit. Further, here, plaintiff reiterates the allegations respecting procedural and other regulatory violations by the IRS including fraud and illegality. The court holds, therefore, that the causes of actions asserted in the prior district court case and here are, in all essential respects, the same.

The district court dismissed case No. C–90–211 on the basis of *res judicata*. *Purk v. United States*, No. C–90–211 (S.D.Ohio Aug. 9, 1991). This order was clearly a final judgment on the merits of plaintiff's cause of action since the dismissal was expressly stated to be "with prejudice." *Id.* During 1991, Mr. Purk filed two additional tax refund suits in the District Court for the Southern District of Ohio. The first of these suits demanded a refund of taxes paid for the 1981 tax year, and the second demanded a refund of taxes paid for the 1982 through 1985 tax years. Both of these suits were dismissed by orders issued August 12, 1991, again with prejudice, based on *res judicata*.[7] Plaintiff did not appeal any of the three orders of dismissal in these prior cases and plaintiff's opportunity to appeal has expired. Thus, plaintiff's prior litigation resulted in final judgments relating to the same issues presented in plaintiff's suit before this court, even though the district courts in the prior cases never reached the substantive issues presented, nor were they required to do so. *See Kotakis v. Elgin, Joliet & E. Ry.*, 520 F.2d 570, 576 (7th Cir.), *cert. denied*, 423 U.S. 1016, 96 S.Ct. 451, 46 L.Ed.2d 388 (1975); *Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102 (D.C.Cir.), *cert. denied*, 396 U.S. 895, 90 S.Ct. 194, 24 L.Ed.2d 173

(1969); *Browning Debenture Holders' Comm. v. DASA Corp.*, 605 F.2d 35 (2d Cir.1978); *Saylor v. Lindsley*, 391 F.2d 965, 968 (2d Cir.1968); RCFC 41(b); *see also* 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2373 at 230–31 (1971). The court finds that plaintiff is now barred from collaterally attacking in the United States Court of Federal Claims the correctness of the district court's determinations. Consequently, dismissal will be ordered respecting tax years 1981 through 1988 on the ground of *res judicata*.[8]

### 2. *The limitation period of § 6511.*

The court next turns to defendant's contention that, as to tax years 1981 through 1983, plaintiff's claims are barred by the limitation period set forth in § 6511. Section 6511(a), in pertinent part, states:

(a) Period of Limitation on Filing Claim.—

Claim for credit or refund of an overpayment of any tax ... in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, *within 2 years from the time the tax was paid....*

(Emphasis added.)

For the 1981 tax year, plaintiff's last payment was for $273.10 and was received by the IRS on July 28, 1989.[9] For the 1982 tax year, plaintiff's last payment in the amount of $12,200 was received by the IRS on June 21, 1991.[10] For the tax year 1983, plaintiff's final payment was for $10,768.89 and was

---

**6.** Section 1346(a) empowers the federal district courts to hear tax refund suits. The United States Court of Federal Claims derives its power to hear federal income tax cases from 28 U.S.C. § 1491(a)(1) (1988).

**7.** See defendant's Exhibits 50 and 51 (*Purk v. United States*, No. C–3–91–001 (S.D.Ohio Aug. 12, 1991); *Purk v. United States*, No. C–3–91–38 (S.D.Ohio Aug. 12, 1991).

**8.** It is not necessary for the court to consider whether plaintiff's suit is barred under the doctrine of collateral estoppel, a more narrow application of the doctrine of *res judicata*. *See Commissioner v. Sunnen*, 333 U.S. at 598, 68 S.Ct. at 719.

**9.** See defendant's brief filed in support of its motion to dismiss, Ex. 3 at 26.

**10.** See defendant's brief filed in support of its motion to dismiss, Ex. 4 at 29.

also received on June 21, 1991.[11]

■ A claim for refund must be "duly filed" under § 7422 before a refund suit can be maintained in any court. *Wall Indus., Inc. v. United States,* 10 Cl.Ct. 82, 95 (1986). The timely filing of a claim for refund is a jurisdictional prerequisite to a suit to recover taxes paid. *United States v. Felt & Tarrant Mfg. Co.,* 283 U.S. 269, 272, 51 S.Ct. 376, 377, 75 L.Ed. 1025 (1931) (citing *Tucker v. Alexander,* 275 U.S. 228, 48 S.Ct. 45, 72 L.Ed. 253 (1927)); *Raymark Indus., Inc. v. United States,* 15 Cl.Ct. 334 (1988) (citing *Buttke v. United States,* 13 Cl.Ct. 191, 192 (1987)). However, to be "duly filed" a claim must comply with the described statutory period of limitation relating to payment in § 6511. *Wall Indus.,* 10 Cl.Ct. at 95. Applying the formula of § 6511 to the facts here reveals that plaintiff's claim for the year 1981, to be timely, had to be filed on or before July 28, 1991. Since plaintiff failed to file his claim until March 24, 1992, it was not timely filed under § 6511 and thus was not "duly filed." Therefore, as to the tax year 1981, notwithstanding any other grounds for dismissal, the court is required to dismiss for lack of jurisdiction.

With respect to the 1982 and 1983 tax years, plaintiff's claims, to be timely, had to be filed with the IRS on or before June 21, 1993. Since, these claims were filed on March 24, 1992, they were timely filed under § 6511(a). However, § 6511(b)(2)(B) adds:

(b) *Limitations on Allowance of Credit and Refunds.—*

(2) *Limit on amount of credit or refund.—*

(B) Limit where claim not filed within 3–year period.—

If the claim was not filed within such 3–year period, *the amount of the credit or refund shall not exceed the portion of the tax paid during the two years immediately preceding the filing of the claim.*

(Emphasis added.)

In the instant case, since plaintiff's claim was filed on March 24, 1992, he is barred by § 6511(b)(2)(B) from obtaining any refund of payments made to the IRS prior to March 24, 1990. According to the certificates of assessments for the 1982 and 1983 tax years, the only payments plaintiff made after March 24, 1990, were the two payments credited to plaintiff's 1982 and 1983 accounts on June 21, 1991, for $12,200.00 and $10,768.89, respectively. Accordingly, pursuant to § 6511, plaintiff, in any event, would be barred from recovering any payments other than those of June 21, 1991, which the IRS actually credited to his 1982 and 1983 tax years.

### 3. *The Flora full payment rule.*

■ Defendant also argues that this court lacks subject matter jurisdiction over the 1984 through 1988 taxable years because plaintiff has not fully paid the taxes assessed for those years. According to the certificates of assessments and payments for the 1984 through 1988 taxable years, plaintiff's unpaid balances of taxes, without consideration of any penalties or interest which may also be due, are $1,173.94, $4,979.00, $3,236.43, $3,592.04, and $3,241.68, respectively.[12] In *Flora v. United States,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960), the Supreme Court, in holding that a taxpayer must fully pay the tax assessed against him in order to maintain a tax refund suit, established the basic framework for the proper interpretation of 28 U.S.C. § 1346(a)(1).[13] The full payment requirement of § 1346(a)(1) and *Flora* applies equally to tax refund suits brought in either the district courts or the Court of Federal Claims. *Tonasket v. United States,* 218 Ct.Cl. 709, 711–12, 590 F.2d 343 (1978); *Katz v. United States,* 22 Cl.Ct. 714, 715 (1991). Accordingly, since plaintiff has not fully paid all of the tax assessed against him for the 1984 through 1988 taxable years, respectively, plaintiff's claims as to those years must be dismissed. *See Flora,* 362 U.S. at 150, 80 S.Ct. at 633; *Shore v. United States,* 9 F.3d 1524 (Fed.Cir.1993).

---

**11.** See defendant's brief filed in support of its motion to dismiss, Ex. 5 at 31.

**12.** Including penalties and interest, plaintiff still owes $4,141.69, $10,310.72, $6,728.88, $6,635.49 and $5,083.80 for the 1984 through 1988 tax years, respectively.

**13.** *Supra,* note 6.

### 4. *"Duly filed."*

The court now turns to defendant's contention that plaintiff's claims were not "duly filed" for the tax years 1989 through 1991, and that, accordingly, plaintiff has failed to state a claim upon which relief can be granted pursuant to RCFC 12(b)(4). As stated above, a claim for refund must be duly filed under § 7422 before a refund suit may be maintained.

In this case, plaintiff attached to his complaint copies of Form 843, a "Domestic Return Receipt" and a "Certified Mail Receipt." The attached Form 843 purports to claim a refund for the tax years 1981 through *1991* as noted in item "5" of that form and items "5" and "11" of the Form 843 served on defendant.[14] Defendant asserts that its examination of its records has revealed that Form 843, as actually received by the IRS at its Cincinnati, Ohio office on March 24, 1992, only covered the tax years 1981 through *1988*. Accordingly, defendant contends that plaintiff never "duly filed" a refund claim for the tax years 1989 through 1991. Thus, it argues that the court must dismiss plaintiff's complaint as it relates to these three tax years.

The court has carefully reviewed the actual Form 843 which the IRS received and has compared it with the document attached to plaintiff's complaint and the document served on defendant. This comparison reveals that defendant's representations are accurate. Neither the Form 843 as attached to plaintiff's complaint nor as served on defendant are true copies of the document actually filed on March 24, 1992 with the IRS. The various alterations described by defendant appear to have been made using "white-out" to change, through overwriting or insertion, "1988" to "1991." The court finds that the Form 843 filed with the IRS only claims a refund for the years 1981 through 1988. Thus, no claim for refund for the years 1989 through 1991 has been properly filed.

Defendant also notes that for these years the IRS made no tax assessments against

plaintiff, and plaintiff made no payments. Thus, defendant maintains that plaintiff has failed to state a claim upon which relief can be granted because there is nothing this court can award to plaintiff respecting these three years. The court agrees. Plaintiff has failed to demonstrate compliance with filing requirements, a necessary prelude to a claim for a refund. Thus, dismissal of plaintiff's complaint is warranted with respect to the tax years 1989 through 1991.

### 5. *Fraud under 28 U.S.C. § 2514.*

■ Defendant has also argued that plaintiff's alteration and attachment of Form 843 to his complaint could alone result in forfeiture of the entire $44,000 under 28 U.S.C. § 2514 (1988) based on fraud. That section provides as follows:

§ 2514 *Forfeiture of fraudulent claims.*
A claim against the United States shall be forfeited to the United States by any person who corruptly practices or attempts to practice any fraud against the United States in the proof, statement, establishment, or allowance thereof.

In such cases the United States Court of Federal Claims shall especially find such fraud or attempt and render judgment of forfeiture.

Section 2514 is applicable when a party attempts to establish a tax refund claim through fraud. *deRochemont v. United States,* 23 Cl.Ct. 87, 89 (1991) (citing, *Standard Oil Co. v. United States,* 98 Ct.Cl. 201, 47 F.Supp. 120 (1942), *cert. denied,* 319 U.S. 749, 63 S.Ct. 1156, 87 L.Ed. 1704 (1943) (applying 28 U.S.C. § 279, the predecessor to § 2514)). "The essence of fraud under section 2514 is conduct or the making of a false or misleading statement with the 'intent to deceive the Government.'" *deRochemont,* 23 Cl.Ct. at 89 (citing, *Miller v. United States,* 213 Ct.Cl. 59, 68, 550 F.2d 17 (1977)).

At oral argument the court gave plaintiff the opportunity to respond to these allegations. At that time, plaintiff admitted the

---

**14.** Defendant allowed the court to review *in camera* the copy of the Form 843 served on defendant with the complaint in this action. At item "11" of the Form 843 filed with the court

with the complaint the period "1981 through" is claimed. Whereas, at item "11" on Form 843 served on defendant the period "1981 through 1991" is claimed.

alterations had been made, but said they were made for a previous bankruptcy suit in which he thought he was required to make the changes. Plaintiff said he just used the same form from the bankruptcy suit in this case and that he did not intend to deceive or mislead the court. The court found Mr. Purk credible in this regard and believes he did not have the necessary intent for fraud under § 2514. While the court does not condone the filing of altered documents with the court or the serving of altered documents on opposing counsel, it also can not find that Mr. Purk had the requisite intent for fraud. Accordingly, defendant's allegations of fraud are dismissed.

## CONCLUSION

It is abundantly clear that plaintiff has filed numerous actions which were groundless. This is another such action. Plaintiff's frivolous filing of his complaint in this court has resulted in the needless expenditure of judicial resources and the incurrence of costs to the Government in defending against plaintiff's action. The court has determined that all of the issues presented in this case were argued and decided by other fora. Consequently, dismissal with prejudice is compelled under *res judicata* principles. Further, because plaintiff has failed to duly file certain portions of his claim, dismissal with prejudice as those elements of his claim is also warranted. The clerk is directed to dismiss this suit with prejudice. No costs.